█ In the Matter of MATTHEW T. S., Appellant-Respondent, v ANGELA W., Respondent-Appellant, and JEFFREY F., Respondent. LAKEN F., Appellant. [662 NYS2d 909] —Order unanimously reversed on the law without costs, petition reinstated and matter remitted to Oneida County Family Court for further proceedings on the petition. Memorandum: Family Court erred in dismissing the petition based upon the doctrine of equitable estoppel. Petitioner sought to be adjudicated the father of a child conceived in 1991 during an affair he had with respondent mother while she was married to respondent Jeffrey F. (husband). While respondent mother purposely misled her husband into believing he was the father, she also did not tell petitioner that he was the father until March or April 1995. In this case respondent mother, rather than petitioner, deceived the husband. Furthermore, while the doctrine of equitable estoppel may be applied to preclude a putative father from challenging the presumed paternity of a child born during a marriage, "it is the child's best interests which are of paramount concern" (*Matter of Louise P. v Thomas R.*, 223 AD2d 592, 593). Respondent mother was divorced in July 1995 on the ground of cruel and inhuman treatment and awarded sole custody of the child. She married petitioner in July 1996. By all accounts, the child presently enjoys a loving relationship with petitioner, who she has been told is her father. We agree with the Law Guardian that the best interests of the child will be served by resolving the issue of paternity. (Appeals from Order of Oneida County Family Court, Morgan, J.—Paternity.) Present—Green, J. P., Lawton, Hayes, Wisner and Boehm, JJ.