■ JOHN R., Appellant, v LYNN R., Respondent. [688 NYS2d 218] —In a matrimonial action in which the parties were divorced by judgment entered April 27, 1984, the plaintiff former husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (Davis, J.), dated December 23, 1997, which, *inter alia*, denied that branch of his motion which was to modify the judgment of divorce and stipulation of settlement to delete provisions relating to the subject child, on the ground that he is not the biological father of that child.

Ordered that the order is affirmed insofar as appealed from, with costs.

The subject child was born in 1981 while the parties were married and living together. In 1984, the parties entered a stipulation of settlement, which was incorporated but not merged into the judgment of divorce. Pursuant to the stipulation, the parties agreed to contribute equally toward the college education of the subject child, and another issue of the marriage.

In 1997 the plaintiff brought the instant motion to modify the divorce judgment and stipulation of settlement by eliminating his obligation to support the subject child, who was approaching college age. In support of the motion, he alleged that a blood test performed on the subject child without court authorization and under false pretenses established that he was not the child's father.

The Supreme Court properly rejected the plaintiff's belated attempt to deny paternity. Having accepted his status as the subject child's father without objection for more than 16 years, he should be precluded from disavowing paternity (*see, Vito L. v Filomena L.,* 172 AD2d 648; *Matter of Boyles v Boyles,* 95 AD2d 95; *State of New York ex rel. H. v P.,* 90 AD2d 434; *Matter of Montelone v Antia,* 60 AD2d 603). "The unequivocal trend and evident purpose of these decisions has been to zealously safeguard the welfare, stability and best interests of the child by rejecting untimely challenges affecting his or her legitimacy" (*Matter of Ettore I. v Angela D.,* 127 AD2d 6, 13). Ritter, J. P., Altman, Friedmann and Goldstein, JJ., concur.