■ In the Matter of MICHAEL R. DELCORE, Appellant, v SUSAN A. MANSI, Respondent. (Proceeding No. 1.) In the Matter of MICHAEL R. DELCORE, Appellant, v SUSAN A. MANSI, Respondent. (Proceeding No. 2.) [692 NYS2d 432] —In related proceedings pursuant to Family Court Act article 5, the petitioner appeals from an order of the Family Court, Suffolk County (Simeone, J.), dated March 27, 1998, which dismissed his respective petitions to establish paternity of an infant child and for visitation.

Ordered that the order is affirmed, with costs.

In 1990 the respondent became pregnant while in a sexual and personal relationship with the petitioner. In 1991 she gave birth to a baby girl. It was generally believed and accepted that the petitioner was the biological father of the child. However, although the petitioner assumed certain limited fatherly duties toward the child, both before and after the parties' relationship ended in 1993, the parties never married

and the petitioner never took any steps to either establish any legal relationship with the child or to establish a family living arrangement. Further, the credible evidence in the record reveals that the petitioner never provided any meaningful financial support for the child.

In 1996 the respondent began dating a former boyfriend with whom she was also having a sexual relationship around the time of conception. The former boyfriend, struck by the resemblance between the child and pictures of himself as a child, submitted to a paternity test. In June 1997, the respondent, based on the results of the paternity test, came to believe that the former boyfriend was the biological father of the child, and sought to end the petitioner's access to the child. Accordingly, the petitioner commenced the proceedings at bar, arguing that the respondent was estopped from denying his paternity, and seeking visitation.

Based on the facts presented, we agree that the petitioner failed to establish that the respondent should be estopped from denying his paternity of the child (*see, Matter of Sharon GG. v Duane HH.,* 63 NY2d 859; *Jean Maby H. v Joseph H.,* 246 AD2d 282; *Matter of James BB. v Debora AA.,* 202 AD2d 852). Further, given, *inter alia,* the child's knowledge and acceptance of her circumstances, and her relationship with and preference for her apparent biological father, application of estoppel would not be in the child's best interests, a paramount concern (*see, Jean Maby H. v Joseph H., supra; Matter of Matthew T. S. v Angela W.,* 242 AD2d 969). Finally, the Family Court did not err in denying visitation (*see, Matter of Alison D. v Virginia M.,* 77 NY2d 651). Ritter, J. P., Santucci, Luciano and H. Miller, JJ., concur.