■ In the Matter of ERIN MERIWETHER, Respondent, v SHANE M. HOWE, Appellant. [730 NYS2d 460] —Spain, J. Appeal from an

order of the Family Court of Cortland County (Ames, J.), entered September 19, 2000, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in violation of a prior order of support.

Petitioner and respondent are the parents of a child born in 1992. In January 2000, petitioner filed an application with Family Court alleging that respondent was in violation of said court's order of June 9, 1999, wherein respondent had been directed to remit weekly child support payments in the amount of $20.

At a fact-finding hearing held in June 2000 before a Hearing Examiner, a representative from the agency that had been paying public assistance funds for the support of the parties' child testified that respondent was currently in arrears in his child support payments in the amount of $2,700.40. Petitioner testified that she had not received a child support payment from respondent in eight months and confirmed that $2,700.40 was the amount of his current arrears. In his testimony, respondent conceded that he had not made all of the required child support payments, blaming this failure on his persistent lack of employment. He added that he had recently started a new job.

The Hearing Examiner found that respondent had willfully violated Family Court's June 9, 1999 order of support and recommended that respondent be sanctioned with a jail term of 120 days. After a dispositional hearing, Family Court confirmed the Hearing Examiner's factual findings and directed that respondent be committed to jail for the recommended period of 120 days.

Respondent appeals, contending that he was denied due process at the fact-finding hearing by the Hearing Examiner's failure to inform him of his right to cross-examine petitioner or his right to present witnesses. However, respondent waived the right to appellate review of these procedural issues by failing to raise them in the context of written objections filed in Family Court within 30 days after receipt of service of the Hearing Examiner's order (*see*, Family Ct Act § 439 [e]; *see also, Matter of Ballard v Davis*, 229 AD2d 705, 706; *Matter of Prill v Mandell*, 237 AD2d 445, 446) or during his subsequent appearance before Family Court, where he was represented by counsel (*see, Matter of Smith v Wamsley*, 265 AD2d 663, 664; *Matter of Reed v Reed*, 240 AD2d 951, 953). Respondent's argument that the order under review should be reversed on this ground is, accordingly, rejected.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.