■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, SUFFOLK COUNTY DSS, on Behalf of DAWN MOLINARI, Respondent, v PAUL CONNOLLY, Appellant. [756 NYS2d 866] —In a paternity and child support proceeding pursuant to Family Court Act article 5, Paul Connolly appeals from an order of the Family Court, Suffolk County (Hudson, J.), entered December 21, 2001, which, after a hearing, determined that he was the father of the subject child. Justice Feuerstein has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The appellant seeks to apply the doctrine of equitable estoppel to support his claim that it would be inequitable to him and contrary to the best interests of the child to allow the mother to assert a claim of paternity 14 years after the child was born. However, the Family Court properly refused to apply the doctrine of equitable estoppel and that determination is in the best interests of the child (*see Matter of Haynes v Martin,* 281 AD2d 480 [2001]; *Jean Maby H. v Joseph H.,* 246 AD2d 282, 285 [1998]; *Matter of Ettore I. v Angela D.,* 127 AD2d 6 [1987]). The child never considered his mother's former husband to be his father, nor did he have any ongoing relationship with him. Moreover, the child was aware that the appellant was his father from an early age. Accordingly, the order of filiation was properly entered.

The appellant's remaining contentions are without merit. Feuerstein, J.P., S. Miller, Friedmann and Cozier, JJ., concur.