■ In the Matter of PATRICIA DOWED, Appellant, v JOSEPH MUNNA, Respondent. [761 NYS2d 261] —In a proceeding pursuant to Family Court Act Article 5-B, inter alia, to establish paternity, the petitioner appeals from an order of the Family Court, Richmond County (Porzio, J.), dated June 26, 2001, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law and as a matter of discretion, without costs or disbursements, the proceeding is reinstated, and the matter is remitted to the Family Court, Richmond County, for further proceedings.

The petitioner and the respondent cohabited in New York State for 3½ years, during which time the petitioner gave birth to two children. The petitioner then moved to the State of Washington, married, and changed the children's last names to that of her new husband. About 10 years later, following the petitioner's separation from her husband, a petition was filed against the respondent seeking to establish, inter alia, paternity and child support for the petitioner's children. The Family Court denied the petition and dismissed the proceeding.

In light of the circumstances of this case, the denial of the request of the petitioner, a resident of another state, to testify using a telephone, audiovisual hookup, or other electronic means pursuant to the Uniform Interstate Family Support Act,

was an improvident exercise of the court's discretion (*see* Family Ct Act § 580-316 [f]).

Contrary to the respondent's contention, while the doctrine of equitable estoppel is applicable in paternity proceedings where it is invoked to further the best interests of the child (*see Matter of Charles v Charles,* 296 AD2d 547, 549 [2002]; *Matter of Alberto T. v Tammy D.,* 274 AD2d 587 [2000]; *John R. v Lynn R.,* 260 AD2d 459, 460 [1999]; *Fung v Fung,* 238 AD2d 375, 376 [1997]; *Matter of Ettore I. v Angela D.,* 127 AD2d 6, 14 [1987]), it generally is not available to a party seeking to disavow the allegation of parenthood for the purpose of avoiding child support (*see Ocasio v Ocasio,* 276 AD2d 680 [2000]; *Brian B. v Dionne B.,* 267 AD2d 188 [1999]; *cf. Matter of Mobley v Ishmael,* 285 AD2d 648 [2001]; *Matter of Cleophous P., Jr. v Latrice M.R.,* 299 AD2d 936 [2002]). Feuerstein, J.P., S. Miller, McGinity and Crane, JJ., concur.