◼ In the Matter of CORIN ELLIS, Appellant, v DEMETRIA GRIFFIN, Respondent. (Proceeding No. 1.) In the Matter of TROY GOLDING, Respondent, v DEMETRIA GRIFFIN, Respondent. TOMASINA MASTROIANNI, as Law Guardian, Nonparty Appellant. (Proceeding No. 2.) [764 NYS2d 120] —In a paternity proceeding and a related child custody proceeding pursuant to Family Court Act articles 5 and 6, respectively, Corin Ellis, the petitioner in Proceeding No. 1, and Tomasina Mastroianni, the nonparty Law Guardian in Proceeding No. 2, separately appeal from (1) an order of the Family Court, Nassau County (Pessala, J.), dated March 21, 2002, and (2) an amended order of the same court dated March 26, 2002, which, after a hearing, granted the cross motion of Troy Golding, the petitioner in Proceeding No. 2, to vacate an acknowledgment of paternity filed May 29, 1996, naming Corin Ellis as the father of the subject child.

Ordered that the appeals from the order dated March 21, 2002, are dismissed, without costs or disbursements, as that order was superseded by the amended order dated March 26, 2002; and it is further,

Ordered that the amended order is reversed, on the facts, without costs or disbursements, the cross motion is denied, the order of filiation of the same court dated May 6, 2002, naming the respondent, Troy Golding, as the father of the subject child, is vacated, and the order dated March 21, 2002, is modified accordingly.

In 1995 the mother of the subject child became pregnant while engaged in a sexual relationship with Corin Ellis, the petitioner in Proceeding No. 1 (hereinafter the appellant). In April 1996 she gave birth to a baby girl. Four days after the child's birth, the appellant and the mother signed an acknowledgment of paternity attesting that the appellant was the father of the child. Subsequently, the mother went away to college in Louisiana, and the appellant and the maternal grandmother petitioned for joint custody and visitation. In 1996 an order of joint custody was granted, on consent, while physical custody was awarded to the maternal grandmother.

In 1999 the mother informed the appellant that he might not be the father of the child. At the same time, the mother informed her former boyfriend, Troy Golding, the petitioner in Proceeding No. 2 (hereinafter the respondent), that he could be the father of the child. The respondent commenced Proceeding

No. 2 to vacate the acknowledgment of paternity naming the appellant as the father of the child. Court-ordered blood tests revealed that the respondent is the biological father of the child.

The appellant sought to apply the doctrine of equitable estoppel to support his claim that it would be inequitable to him, and contrary to the best interests of the child, to allow the biological father to assert a claim of paternity. However, over the objection of the Law Guardian, the Family Court refused to apply the doctrine of equitable estoppel. We reverse.

When the mother was pregnant, the respondent asked her if he was the father of the child. The mother informed him that she did not know. However, despite knowing that he had a sexual relationship with the mother nine months prior to the child's birth, the respondent waited until the child was three years old, after the mother informed him that he might be the child's father, to commence a paternity proceeding. In the meantime, the appellant was with the mother at the hospital when the child was born, and four days later signed an acknowledgment of paternity. The appellant raised and nurtured the child and paid for her tuition at a private school. Significantly, while the mother was away at college, the appellant worked nights and was the child's primary caretaker, spending every day with her while the maternal grandmother worked. The child calls the appellant "daddy" and the testimony establishes that they have a loving father-daughter relationship.

Thus, contrary to the determination of the Family Court, it would be in the child's best interests, a paramount concern in paternity proceedings, to equitably estop the respondent from challenging the appellant's paternity of the child (*see Matter of Ettore I. v Angela D.,* 127 AD2d 6 [1987]; *but see Matter of Delcore v Mansi,* 262 AD2d 559 [1999]).

Accordingly, the Family Court improperly granted the respondent's cross motion to vacate the acknowledgment of paternity naming the appellant as the father of the child. Therefore, we reverse that order, and vacate the filiation order dated May 6, 2002, naming the respondent as the child's father. Ritter, J.P., S. Miller, Luciano and H. Miller, JJ., concur.