In the Matter of RUBY M.M., Appellant, v MOSES K., Respondent. [795 NYS2d 73]—

In a paternity proceeding pursuant to Family Court Act article 5-B, inter alia, to adjudicate the respondent the father of the two children who are the subject of this proceeding and for child support, the petitioner mother appeals from an order of the Family Court, Kings County (Turbow, J.), dated March 4, 2004, which denied her motion, in effect, to vacate an order of the same court dated March 10, 2003, which, after a hearing, dismissed the petition.

Ordered that the order dated March 4, 2004, is reversed, on the law, the facts, and as a matter of discretion, without costs or disbursements, the motion is granted, the order dated March 10, 2003, is vacated, the petition is granted, and the matter is remitted to the Family Court, Kings County, for the entry of orders of filiation and a determination with respect to child support.

The instant proceeding was commenced in May 1998 to adjudicate the respondent the father of the subject children and for child support. Human leukocyte antigen blood tissue testing indicated a probability of paternity with respect to both children of in excess of 99.9%.

At a hearing on the petition, the respondent asserted the defense of equitable estoppel. The Family Court noted that the respondent testified first on the ground that he bore the burden of going forward with respect to that defense (see Matter of Delcore v Mansi, 262 AD2d 559, 560 [1999]).

The respondent admitted he had sexual intercourse with the petitioner for a three-year period and she became pregnant during the course of the relationship. He acknowledged that the relationship occurred in the late 1970's or early 1980's. The subject children were born on December 3, 1981, and July 22, 1984, respectively. Although the respondent was aware that the petitioner was married, he testified that he had never seen her husband.

The petitioner, who now resides in Virginia, receives public assistance, and suffers from health problems, testified telephoni-

cally pursuant to Family Court Act § 580-316 (f) that the respondent had a relationship with the children and referred to him as "Daddy." The respondent denied that this was the case. However, the issue here was not whether the respondent had a relationship with the children but whether the children had a relationship with another father figure which would be disrupted by adjudicating the respondent the. father (*see Matter of Commissioner of Social Servs., Suffolk County DSS [Molinari] v Connolly*, 303 AD2d 754 [2003]).

Equitable estoppel should only be applied when it furthers the best interests of the children (*see Matter of Charles v Charles*, 296 AD2d 547, 549 [2002]). Generally, the defense is not available to a party seeking to disavow paternity for the purpose of avoiding child support (*see Matter of Dowed v Munna*, 306 AD2d 278 [2003]). The respondent failed to establish prima facie that a determination that he is in fact the father would disturb any relationship the children may have had with any other father figure (*see Matter of Commissioner of Social Servs., Suffolk County DSS [Molinari] v Connolly, supra*).

Under the facts of this case, it was an improvident exercise of discretion to direct the mother who was indigent and ill to appear in person in court and then to dismiss the proceeding on the basis that she did not comply. Since the facts establishing that the respondent is the father of the subject children are virtually undisputed, and he did not establish that such a determination would disturb any relationship the children may have had with any other father figure, the order dated March 4, 2004, is reversed, the motion is granted, the order dated March 10, 2003, is vacated, the petition is granted, and the matter is remitted to the Family Court for the entry of orders of filiation and a determination of the issue of child support. S. Miller, J.P., Ritter, Goldstein and Lifson, JJ., concur.