Matter of Commissioner of the Ontario County Dept. of Social Servs. v Jamie B. (2007 NY Slip Op 50421(U))

[*1]

Matter of Commissioner of the Ontario County Dept. of Social Servs. v Jamie B.

2007 NY Slip Op 50421(U) [14 Misc 3d 1238(A)]

Decided on March 2, 2007

Family Court, Ontario County

Doran, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 2, 2007

Family Court, Ontario County
In the Matter of a Proceeding for Support Under Article 4 of the Family Court Act Commissioner of the Ontario County Department of Social Services, o/b/o AMY LYNN G., Petitioner,
against
Jamie B., Respondent.
U-01119-06

Philip A. Van Der Karr, Esq.
Assistant County Attorney
Attorney for Petitioner
John A. Schuppenhauer, Esq.
Attorney for Respondent
Leslie Cohen Hickey, Esq.
Law Guardian

Craig J. Doran, J.
Petitioner instituted an action under UIFSA seeking to establish paternity and an order of child support against Jamie B., the putative father of the child Rodney E., born March 9, 2000.
The respondent has moved this Court for an order of dismissal of the paternity petition on the grounds of equitable estoppel, by Notice of Motion dated January 18, 2007. The Court is in receipt of an Affirmation Opposing Motion sworn to by Philip A. Van Der Karr, Assistant County Attorney and dated February 13, 2007. The [*2]Court is in further receipt of a letter from the Law Guardian, Leslie Cohen Hickey, dated February 4, 2007, outlining her objections to the respondent's motion to dismiss.
The general facts herein appear not to be in dispute. The petitioner alleges that she had a sexual relationship for a period of time with the respondent and became pregnant as a result. The relationship ended soon thereafter. During the course of her pregnancy, the petitioner met another man, Charles G. The petitioner gave birth to the child at issue herein on March 9, 2000. The petitioner and Mr. G. were married when the child was over one year old. The petitioner and Mr. G. had two children during their marriage. The petitioner has separated from Mr. G. and there is a support order from the State of Tennessee directing that Mr. G. pay child support for the children of the marriage, but not the child at issue herein.
In support of his motion to dismiss the paternity petition, the respondent alleges, upon information and belief, that the petitioner fostered a parent-child relationship between the child and another man (G.) until she separated from him when the child was approximately five years old. The respondent asserts that it is not in the best interests of the child for the petitioner to assert the respondent's paternity and that the petitioner should be estopped from such an assertion. Although the respondent makes these allegations, he provides no prima facie evidence to support these claims.
While the doctrine of equitable estoppel is applicable in paternity proceedings where it is invoked to further the best interests of the child (see, Matter of Charles v. Charles, 296 AD2d 547), it is generally not available to a party such as respondent in the instant matter seeking to disavow the allegation of parenthood for the purpose of avoiding child support (see, Matter of Dowed v. Munna, 306 AD2d 278; Ocasio v. Ocasio, 276 AD2d 680).
The respondent herein seeks to raise the doctrine of equitable estoppel for the purpose of avoiding child support.Although the doctrine of equitable estoppel may be raised in order to prevent the disruption of a parent-child relationship wherein it is demonstrated that it would not be in the child's best interest to do so, there has been no prima facie showing herein that such would be the case in the instant matter. There has been no allegation that the child at issue herein has any parent-child relationship with the petitioner's estranged husband. In fact, the petitioner states in her affidavit that the child has not seen Mr. G. in over 2 years, nor has Mr. G. provided child support on the child's behalf. The petitioner provides an affidavit from Mr. G. wherein he supports the petitioner's statement that he has no intention of serving as a father-figure or other resource for the child.
In light of the circumstances of this case, the respondent's motion to dismiss the petition is hereby denied. This Court [*3]further finds that the respondent is not entitled to a hearing regarding this claim (see, Matter of Maurice T. v. Mark P., 23 AD3d 567). The respondent failed to establish prima facie that a determination that he is in fact the father would disturb any relationship that the child may have had with any other father figure (see, Matter of Ruby M.M. v. Moses K., 18 AD3d 471).
This matter shall be scheduled for further proceedings on the petition.
This shall constitute the Decision of the Court. Counsel for petitioner is hereby directed to submit an order in accordance herewith.
DATED:March , 2007
Canandaigua, New York
________________________________________
Craig J. Doran
Family Court Judge