■ In the Matter of JUANITA AIKENS, Respondent, v KENNETH MARK NELL, Appellant. [880 NYS2d 406]—

Appeal from an order of the Family Court, Ontario County (Craig J. Doran, J.), entered May 21, 2008 in a proceeding pursuant to Family Court Act article 4. The order denied respondent's objections to the order of the Support Magistrate.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner mother commenced this proceeding

seeking a determination that respondent is the father of her then-12-year-old child and seeking an award of child support. Respondent appeals from an order denying his objections to the order of the Support Magistrate directing him to pay child support following the entry of an order of filiation. Contrary to the contention of respondent, Family Court properly determined that he may not invoke the doctrine of equitable estoppel. "[W]hile the doctrine of equitable estoppel is applicable in paternity proceedings where it is invoked to further the best interests of the child . . . , it generally is not available to a party seeking to disavow the allegation of parenthood for the purpose of avoiding child support" (*Matter of Dowed v Munna*, 306 AD2d 278, 279 [2003]; *see Matter of Ruby M.M. v Moses K.*, 18 AD3d 471, 472 [2005]). We reject the further contentions of respondent that he was denied both the right to counsel and to the effective assistance of counsel. The record establishes that, at the initial appearance on the petition, the Support Magistrate advised respondent of his right to counsel and that he elected to proceed pro se (*see Matter of Falcon v Accardi*, 193 AD2d 1063, 1064 [1993]; *cf. Matter of Allegany County Dept. of Social Servs. v Thomas T.*, 273 AD2d 916, 917 [2000]). Although the Support Magistrate failed to advise respondent that he had a right to have counsel assigned if he was financially unable to retain counsel (*see* Family Ct Act § 262 [a]), we conclude that respondent waived his right to appellate review of that omission by failing to raise it in his written objections to the order of the Support Magistrate (*see* § 439 [e]; *Matter of Meriwether v Howe*, 286 AD2d 832, 833 [2001], *lv denied* 97 NY2d 609 [2002]; *cf. Allegany County Dept. of Social Servs.*, 273 AD2d at 917). Finally, we reject the contention of respondent that he was denied effective assistance of counsel. Present—Centra, J.P., Peradotto, Green, Pine and Gorski, JJ.