In the Matter of NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant, v FREDERICK ALFORD, Respondent. [919 NYS2d 519]—

The Family Court Act provides, as relevant here, that, "[w]hen paternity is contested, [the court] shall order the mother, the child and the alleged father to submit to one or more genetic marker or DNA marker tests . . . to aid in the determination of whether the alleged father is or is not the father of the child" (Family Ct Act § 418 [a]). "No such test shall be ordered, however, upon a written finding by the court that it is not in the best interests of the child on the basis of . . . equitable estoppel" (*id.*). Additionally, Family Court Act § 580-316 (f) provides that "[i]n a proceeding under this article, a tribunal of this state *may* permit a party or witness residing in another state to be deposed or to testify by telephone, audiovisual means, or other electronic means at a designated tribunal or other location in that state" (emphasis added).

On behalf of the mother, who lives in Georgia with the subject child, the petitioner initiated this proceeding against the respondent under the Uniform Interstate Family Support Act, seeking an order of filiation and support. After the respondent requested genetic paternity testing, the Attorney for the Child moved to preclude such testing and to equitably estop the respondent from denying paternity, based, in essence, on his established relationship with the child. The Family Court found that the record was insufficient for it to decide the motion, and it ordered the mother to produce the child in the Family Court so it could conduct an interview with the child (*see Matter of Lincoln v Lincoln*, 24 NY2d 270 [1969]). We granted the petitioner leave to appeal and stayed execution of the order.

The petitioner asserts that there are numerous "financial and logistical" issues involved in bringing the child to New York, including that, given the child's age, it would necessitate bringing the mother, who is of limited means, to New York as well. Further, the petitioner and the Attorney for the Child assert, for various reasons, that it would not be in the best interests of the child to come to New York, and that the child should be permitted to testify by alternative means in Georgia.

In ordering that the child be present in court in New York, the Family Court recognized that, in determining whether equitable estoppel should bar testing based on the child's best interests, it was necessary to conduct a full and careful inquiry with the child into his relationship with the respondent. While remote participation in a hearing by audiovisual and electronic means may sometimes be sufficient to resolve the matters before the court, on this record we find that it was not an improvident

exercise of discretion for the Family Court to conclude that the young child's actual presence in New York was necessary in order for the court to fulfill this most "demanding" of responsibilities (*Matter of Lincoln v Lincoln*, 24 NY2d at 272; *see Matter of Dowed v Munna*, 306 AD2d 278 [2003]). Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.