■ In the Matter of MARILENE S., Respondent, v DAVID H., Appellant. [925 NYS2d 871]—

In a proceeding pursuant to Family Court Act article 5 to establish paternity and for an award of child support, David H. appeals, by permission, as limited by his brief, from so much of an order of the Family Court, Westchester County (Scattaretico-Naber, J.), dated December 6, 2010, as directed him to submit to genetic marker testing. By decision and order on motion dated February 7, 2011, this Court stayed the order insofar as appealed from pending hearing and determination of the appeal.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Family Court Act § 532 provides that, in a proceeding to establish paternity, "on the court's own motion or the motion of any party, [the court] shall order the mother, her child and the alleged father to submit to one or more genetic marker or DNA tests" (Family Ct Act § 532 [a]; *see Matter of Shondel J. v Mark D.*, 7 NY3d 320, 329 [2006]). "No such test shall be ordered, however, upon a written finding by the court that it is not in

the best interests of the child on the basis of . . . equitable estoppel" (Family Ct Act § 532 [a]). Where a party to a paternity proceeding raises an issue of equitable estoppel, that issue must be resolved before any biological testing is ordered (*see Matter of Juanita A. v Kenneth Mark N.*, 15 NY3d 1, 6 n [2010]; *Debra H. v Janice R.*, 14 NY3d 576, 592 [2010], *cert denied* 562 US —, 131 S Ct 908 [2011]; *Matter of Shondel J. v Mark D.*, 7 NY3d at 330; *Matter of Isaiah A. C. v Faith T.*, 43 AD3d 1048, 1048-1049 [2007]; *Matter of Darlene L.-B. v Claudio B.*, 27 AD3d 564 [2006]; *Matter of Westchester County Dept. of Social Servs. v Robert W.R.*, 25 AD3d 62, 71-72 [2005]).

Under the unusual circumstances of this case, the appellant failed to allege facts sufficient to warrant a hearing on his equitable estoppel defense (*cf. Matter of Ruby M.M. v Moses K.*, 18 AD3d 471, 472 [2005]). The record contains sufficient information to support the Family Court's determination that ordering genetic testing would not be contrary to the child's best interest (*cf. Matter of Edward WW. v Diana XX.*, 79 AD3d 1181, 1182 [2010]; *Matter of Willie W. v Magdalena D.*, 78 AD3d 958, 959 [2010]). Accordingly, because, under these particular circumstances, no hearing was warranted on the issue of equitable estoppel, the appellant was properly directed to submit to genetic marker testing.

The appellant's remaining contentions are not properly before this Court (*see* CPLR 5515 [1]). Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.