# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

61

CAF 11-00222

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF JUANITA AIKENS,
PETITIONER,

V                                                      MEMORANDUM AND ORDER

KENNETH MARK NELL, RESPONDENT-RESPONDENT.
-------------------------------------------
ANGELA S., APPELLANT.

---

KIMBERLY WHITE WEISBECK, ATTORNEY FOR THE CHILD, ROCHESTER, FOR
APPELLANT.

---

Appeal from an order of the Family Court, Ontario County
(Frederick G. Reed, A.J.), entered January 4, 2011 in a proceeding
pursuant to Family Court Act article 4.  The order denied the petition
seeking a determination that respondent is the father of appellant and
an award of child support.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  As we noted when this case was before us on a prior
appeal (*Matter of Aikens v Nell*, 63 AD3d 1662, *revd* 15 NY3d 1),
petitioner mother commenced this proceeding seeking both a
determination that respondent is the father of her then-12-year-old
child and an award of child support.  We had previously affirmed an
order denying respondent's objections to the order of the Support
Magistrate, directing him to pay child support following the entry of
an order of filiation.  The issue before the Court of Appeals on the
prior appeal to that Court in *Aikens* was "whether a biological father
may assert an equitable estoppel defense in paternity and child
support proceedings," and the Court held that, "[u]nder the
circumstances of this case, where another father figure is present in
the child's life, [the biological father] may assert such a claim"
(*id.* at 3).  The Court of Appeals thus remitted the matter to Family
Court to conduct a hearing on the merits of respondent biological
father's claim of equitable estoppel and to determine the best
interests of the subject child (*id.* at 6).  The Attorney for the Child
now contends on appeal that Family Court erred in refusing to
determine that respondent is the father of the subject child.  We
affirm.

The Attorney for the Child waived her contention that the court
erred in conducting a *Lincoln* hearing and in relying upon the

statements of the subject child adduced at that hearing, inasmuch as the record establishes that the hearing was conducted at her request (*see generally Matter of Clime v Clime*, 85 AD3d 1671, 1672; *Delong v County of Chautauqua* [appeal No. 2], 71 AD3d 1580, 1580-1581; *Matter of James Jerome C. v Mary Elizabeth J.*, 31 AD3d 1184, 1184-1185).  In any event, we conclude that the court did not abuse its discretion in conducting a *Lincoln* hearing (*see Matter of Lincoln v Lincoln*, 24 NY2d 270, 272-274; *Matter of Farnham v Farnham*, 252 AD2d 675, 677; *cf. Matter of Thillman v Mayer*, 85 AD3d 1624, 1625), or in considering the child's statements at the *Lincoln* hearing in determining her best interests (*see generally Eschbach v Eschbach*, 56 NY2d 167, 173; *Fox v Fox*, 177 AD2d 209, 210; *see also Matter of Flood v Flood*, 63 AD3d 1197, 1199).

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court