[985 NE2d 127, 961 NYS2d 363]

In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of ELIZABETH S., Appellant, v JULIO J., Respondent.

Decided January 10, 2013

996

**APPEARANCES OF COUNSEL**

*Michael A. Cardozo, Corporation Counsel*, New York City (*Deborah A. Brenner* of counsel), for appellant.

*George E. Reed, Jr.*, White Plains, for respondent.

*Lawyers For Children, Inc.*, New York City (*Brenda S. Soloff* of counsel), for Elizabeth S.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be reversed, without costs, the order of Family Court reinstated, and the certified question answered in the negative.

Before a party can be estopped from denying paternity or from obtaining a DNA test that may establish that he is not the child's biological parent, the court must be convinced that applying equitable estoppel is in the child's best interest (*Matter of Shondel J. v Mark D.*, 7 NY3d 320 [2006]). The party seeking to prove paternity, whether by estoppel or otherwise, must do so by clear and convincing evidence. Here, although the Appellate Division stated that its reversal was on the law, that Court, considering the same evidence as Family Court, made different factual findings to support its conclusion that the Commissioner of Social Services had not proven by clear and convincing evidence that respondent Julio J. should be estopped from denying paternity. Accordingly, we review the record to determine which set of findings more nearly comports with the weight of the evidence (*see Matter of Jamie M.*, 63 NY2d 388, 393 [1984]).

We conclude that the evidence more nearly comports with Family Court's findings that the child, who was eight years old at the time of the hearing, knows respondent, with his encouragement, as her father; that a relationship existed insofar as the child was concerned; and that the child relied on respondent to be her father sufficiently such that it would be to her detriment for the court to direct DNA testing. Upon those findings, Family Court properly decided that respondent should be equitably estopped from asserting nonpaternity.

Chief Judge LIPPMAN and Judges GRAFFEO, READ and PIGOTT concur; Judge SMITH dissents and votes to affirm, concluding that the findings of the Appellate Division more nearly comport with the weight of the evidence.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed, without costs, order of Family Court, New York County, reinstated, and certified question answered in the negative, in a memorandum.