In the Matter of WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of PAULINE M.B. Respondent, v ARNOLDO B., Respondent. ALEXCUIS M.B., Nonparty Appellant; PAULINE M.B., Nonparty Respondent. [14 NYS3d 71]—

Appeal from an order of the Family Court, Westchester County (David Klein, J.), entered May 14, 2014. The order denied the objections of the attorney for the child on behalf of the nonparty Alexcuis M.B. to an order of that court (Carol Ann Jordan, S.M.), entered March 28, 2014, which, upon an order of equitable estoppel of that court (Nilda Morales Horowitz, J.), and an order of filiation of that court (Nilda Morales Horowitz, J.), both entered March 17, 2014, directed the respondent Arnoldo B. to pay child support.

Ordered that the order is affirmed, without costs or disbursements.

In an order entered March 17, 2014, the Family Court found, based on the doctrine of equitable estoppel, that it was not in the best interests of the child Alexcuis M.B. to order genetic marker or DNA tests to determine whether the respondent Arnoldo B. was her biological father. On the same date, the

court issued an order of filiation adjudging Arnoldo B. to be the father of Alexcuis M.B. By order entered May 14, 2014, the Family Court, upon the two orders entered March 17, 2014, directed Arnoldo B. to pay child support. The attorney for the child, on behalf of Alexcuis M.B., appeals.

Family Court Act §§ 418 (a) and 532 (a) provide, inter alia, that no genetic marker or DNA tests to determine paternity shall be ordered where the Family Court has made a written finding that such testing is not in the best interests of the child on the basis of equitable estoppel. The paramount concern in applying the doctrine of equitable estoppel in paternity and support proceedings is the best interests of the child (*see Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]). Here, the record demonstrates the existence of a long-standing "recognized and operative parent-child relationship" between Arnoldo B. and Alexcuis M.B. (*Matter of Shondel J. v Mark D.*, 7 NY3d at 327; *see Matter of Commissioner of Social Servs. v Julio J.*, 20 NY3d 995, 997 [2013]; *Matter of Luis Hugo O. v Paola O.*, 129 AD3d 976 [2d Dept 2015]), such that it is in the best interests of the child to apply the doctrine of equitable estoppel (*see Matter of Merritt v Allen*, 99 AD3d 1006, 1007 [2012]). Contrary to the appellant's contention, it was thus proper for the Family Court to enter an order of filiation against Arnoldo B. without directing paternity testing (*see Matter of Commissioner of Social Servs. v Julio J.*, 20 NY3d at 997), and deny to the appellant's objections to the order of support made upon the underlying order of equitable estoppel and order of filiation. Mastro, J.P., Austin, Sgroi and Barros, JJ., concur.