■ In the Matter of SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of CHRISTOPHER C., Appellant, v JAMES D., JR., Respondent. [48 NYS3d 248]—

Appeal by the petitioner from an order of the Family Court,

Suffolk County (Richard Hoffman, J.), dated March 25, 2016. The order, upon a determination of that court dated March 24, 2016, in effect, denying the petitioner's application for DNA testing, without a hearing, dismissed the petition for failure to state a cause of action.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, the determination denying the petitioner's application for DNA testing is vacated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith.

The Suffolk County Department of Social Services (hereinafter the County) commenced this paternity proceeding against James D. (hereinafter the putative father), when the subject child was almost 16 years old. The County thereafter made an application for DNA testing to establish the putative father's paternity. The putative father opposed the County's application, raising equitable estoppel as a defense. The Family Court, without holding a hearing, in effect, denied the County's application for DNA testing. Thereafter, in the order appealed from, the court dismissed the petition on the ground that it did not state a cause of action. The County appeals. We reverse.

"Paternity proceedings, brought pursuant to article 5 of the Family Court Act, have a twofold purpose: to determine paternity and to secure support for the child" (*Matter of Department of Social Servs. v Jay W.*, 105 AD2d 19, 23 [1984]). "Although at one time the objective of paternity proceedings was merely to prevent a child born out of wedlock from becoming a public charge, it is now well established that the appropriate emphasis must be upon the welfare of the child" (*Matter of L. Pamela P. v Frank S.*, 59 NY2d 1, 5 [1983]). "Nonetheless, article 5 of the Family Court Act still retains as an objective the protection of the public from bearing the cost of supporting . . . children where there exists a viable, legally obligated source of support" (*Matter of Department of Social Servs. v Jay W.*, 105 AD2d at 24). Accordingly, "section 522 of the Family Court Act provides that, among other persons, a public welfare official of the county, city or town where the mother resides, or the child is found, may originate such proceedings, 'if the mother or child is or is likely to become a public charge' " (*id.*, quoting Family Ct Act § 522).

The party in a paternity proceeding that is "seeking to prove paternity . . . must do so by clear and convincing evidence" (*Matter of Commissioner of Social Servs. v Julio J.*, 20 NY3d 995, 997 [2013]). The Family Court, "on the court's own motion or the motion of any party, shall order the mother, her child

and the alleged father to submit to one or more genetic marker or DNA tests . . . to aid in the determination of whether the alleged father is or is not the father of the child" (Family Ct Act § 532 [a]). "No such test shall be ordered, however, upon a written finding by the court that it is not in the best interests of the child on the basis of . . . equitable estoppel" (*id.*; *see Matter of Marilene S. v David H.*, 85 AD3d 1035, 1035-1036 [2011]).

By providing a limited "best interests of the child" exception to mandatory biological tests of disputed paternity, Family Court Act § 532 requires the Family Court to justify its refusal to order biological tests when paternity is in issue (Family Ct Act § 532 [a]; *accord Matter of Shondel J. v Mark D.*, 7 NY3d 320, 329 [2006]; *cf.* Family Ct Act § 418 [a]). "Where a party to a paternity proceeding raises an issue of equitable estoppel, that issue must be resolved before any biological testing is ordered" (*Matter of Marilene S. v David H.*, 85 AD3d at 1036).

In this context, courts generally "impose equitable estoppel to protect the status interests of a child in an already recognized and operative parent-child relationship" (*Matter of Baby Boy C.*, 84 NY2d 91, 102 n [1994]; *see Matter of Shondel J. v Mark D.*, 7 NY3d at 327). Accordingly, the doctrine of equitable estoppel may be used by a purported biological father to prevent an adverse party from asserting that he is the biological father where the child has developed a close relationship with another father figure such that it would be detrimental to the child's interests to disrupt that relationship (*accord Matter of Juanita A. v Kenneth Mark N.*, 15 NY3d 1, 6 [2010]). Under such circumstances, in order to be entitled to a hearing on the issue of whether equitable estoppel should be applied, a putative father must raise an issue of fact as to whether "a determination that he is in fact the father would disturb any relationship the child[ ] may have had with any other father figure" (*Matter of Ruby M.M. v Moses K.*, 18 AD3d 471, 472 [2005]; *see Matter of Marilene S. v David H.*, 85 AD3d at 1036; *see also Matter of Commissioner of Social Servs., Suffolk County DSS v Connolly*, 303 AD2d 754 [2003]). "[W]hether it is being used in the offensive posture to enforce rights or the defensive posture to prevent rights from being enforced, equitable estoppel is only to be used to protect the best interests of the child" (*Matter of Juanita A. v Kenneth Mark N.*, 15 NY3d at 6; *see Matter of Commissioner of Social Servs. v Julio J.*, 20 NY3d at 997; *Matter of Shondel J. v Mark D.*, 7 NY3d at 326; *Matter of Ruby M.M. v Moses K.*, 18 AD3d at 472).

Here, the Family Court erred in dismissing the petition on

the ground that it failed to state a cause of action. Assuming the truth of the allegations in the petition, and according the County the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the facts alleged are sufficient to satisfy the pleading requirements of a proceeding to establish the paternity of the child and to compel support (*see* Family Ct Act § 523).

The Family Court further erred to the extent that it based its order dismissing the petition on its prior determination, in effect, denying the County's application for DNA testing. The Family Court should not have summarily denied the County's application without first requiring the putative father to raise an issue of fact with respect to his defense of equitable estoppel (*see Matter of Marilene S. v David H.*, 85 AD3d at 1036; *Matter of Ruby M.M. v Moses K.*, 18 AD3d at 472; *see also Matter of Commissioner of Social Servs., Suffolk County DSS v Connolly*, 303 AD2d 754 [2003]).

Accordingly, under the circumstances, we reverse the order appealed from, reinstate the petition, vacate the determination denying the County's application for DNA testing, and remit the matter for further proceedings, including a new determination of the County's application for DNA testing, to be made after consideration of the putative father's assertion of the defense of equitable estoppel. Hall, J.P., Miller, Connolly and Brathwaite Nelson, JJ., concur.