Matter of Guy M. J. v Abiola N. S. (2018 NY Slip Op 01189)





Matter of Guy M. J. v Abiola N. S.


2018 NY Slip Op 01189


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-01843
 (Docket No. P-26828-15)

[*1]In the Matter of Guy M. J. (Anonymous), appellant,
v
Abiola N. S. (Anonymous), respondent.


The Law Offices of Joseph H. Nivin, P.C., Forest Hills, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack and Antonella Karlin of counsel), for respondent.
Karen P. Simmons, Brooklyn, NY (Laura Solecki and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
Appeal from an amended order of filiation of the Family Court, Kings County (Maria Arias, J.), dated February 6, 2017. The order adjudicated the appellant to be the father of the subject child.
ORDERED that the notice of appeal from the amended order of filiation is deemed to be an application for leave to appeal from that order, and leave to appeal is granted (see Family Ct Act § 1112 [a]); and it is further,
ORDERED that the amended order of filiation is affirmed, without costs or disbursements.
After the birth in 2005 of the child who is the subject of this paternity proceeding, the appellant and the respondent mother believed the appellant to be the child's biological father. The appellant signed a document indicating that he was the child's father one year after the child was born and, until the child was seven years old, financially supported the child and the mother, visited the child, sent the child gifts, and spoke with the child on the telephone. Additionally, the parties had a private DNA test conducted in 2009 which indicated that the appellant was the child's father. However, in 2013, the appellant terminated his contact with and support of the child, and commenced this paternity proceeding, requesting that a genetic marker test be performed. Following a hearing, the Family Court, concluding that the appellant was equitably estopped from denying paternity of the child, declined to direct genetic marker testing and adjudicated the appellant to be the father of the child.
"Before a party can be estopped from denying paternity or from obtaining a DNA test that may establish that he is not the child's biological parent, the court must be convinced that applying equitable estoppel is in the child's best interest" (Matter of Commissioner of Social Servs. [*2]v Julio J., 20 NY3d 995, 997; see Matter of Shondel J. v Mark D., 7 NY3d 320). Here, as the Family Court properly concluded, the evidence demonstrated the existence of a long-standing "recognized and operative parent-child relationship" between the child and the appellant, such that it is in the best interests of the child to apply the doctrine of equitable estoppel (Matter of Shondel J. v Mark D., 7 NY3d at 327 [internal quotation marks omitted]; see Matter of Commissioner of Social Servs. v Julio J., 20 NY3d at 997; Matter of Westchester County Dept. of Social Servs. v Arnoldo B., 130 AD3d 743, 744; Matter of Shawn H. v Kimberly F., 115 AD3d 744, 745).
The appellant's remaining contention is without merit.
Accordingly, the Family Court properly adjudicated the appellant to be the father of the child.
ROMAN, J.P., SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court