Matter of Onorina C.T. v Ricardo R.E. (2019 NY Slip Op 03345)





Matter of Onorina C.T. v Ricardo R.E.


2019 NY Slip Op 03345


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-03972
 (Docket No. P-18199-15)

[*1]In the Matter of Onorina C.T. (Anonymous), petitioner-respondent, 
v
Ricardo R.E. (Anonymous), et al., respondents-respondents; Aaron R.C. (Anonymous), nonparty-appellant.


Janet Neustaetter, Brooklyn, NY (Laura Solecki of counsel), attorney for the child, the nonparty-appellant.
Marjorie P. Cohen, New York, NY, for petitioner-respondent.
Richard Cardinale, Brooklyn, NY, for respondent-respondent Ricardo R. E.
Louisa Floyd, Brooklyn, NY, for respondent-respondent Jorge E. T.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, Aaron R. C. appeals from an order of the Family Court, Kings County (Maria Arias, J.), dated February 5, 2018. The order, after a hearing, in effect, denied the petition to adjudicate the respondent Ricardo R. E. the father of the subject child and dismissed the proceeding.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is granted, and the respondent Ricardo R. E. is adjudicated the father of the subject child.
The petitioner commenced this proceeding pursuant to Family Court Act article 5 to adjudicate the respondent Ricardo R. E. the father of the subject child. The child was conceived and born while the petitioner was married to another man, the respondent Jorge E. T. (hereinafter the husband). The petition alleged that the husband was the petitioner's sex trafficker and that she conceived the child while he was out of the country. The petition further alleged that Ricardo R. E. is the biological father of the child, he is named as the father on the child's birth certificate, and he has supported the child and raised the child as his since birth. The petitioner did not testify at the fact-finding hearing. Ricardo R. E. testified that he began having a sexual relationship with the petitioner in 2011, and she told him in October 2011 that she was pregnant with his child, at which time she came to live with him. He testified that he was present for the child's birth in July 2012, and he has raised the child from birth as his father. The husband testified that he had returned to the country in September 2011 and had engaged in sexual activity, including intercourse, with the petitioner until November 2011, when she told him that she was pregnant with another man's child and left the husband. After the fact-finding hearing, the Family Court determined that the petitioner failed to rebut the presumption of legitimacy by clear and convincing evidence and, in effect, denied the petition and dismissed the proceeding without determining the issue of equitable estoppel raised [*2]by the petitioner and Ricardo R. E.
"Paternity proceedings, brought pursuant to article 5 of the Family Court Act, have a twofold purpose: to determine paternity and to secure support for the child" (Matter of Department of Social Servs. v Jay W., 105 AD2d 19, 23). "Although at one time the objective of paternity proceedings was merely to prevent a child born out of wedlock from becoming a public charge, it is now well established that the appropriate emphasis must be upon the welfare of the child" (Matter of L. Pamela P. v Frank S., 59 NY2d 1, 5). Pursuant to Family Court Act § 532(a), when a paternity petition is filed, the Family Court, "on the court's own motion or the motion of any party, shall order the mother, her child and the alleged father to submit to one or more genetic marker or DNA tests." However, "[n]o such test shall be ordered . . . upon a written finding by the court that it is not in the best interests of the child on the basis of res judicata, equitable estoppel, or the presumption of legitimacy of a child born to a married woman" (Family Ct Act § 532[a]; see Family Ct Act § 418[a]). Thus, where, as here, paternity is in issue, the Family Court is required to order biological tests unless it relies upon the best interests of the child exception and, if so, it must "justify its refusal to order [such] tests" (Matter of Shondel J. v Mark D., 7 NY3d 320, 329; see Matter of Christopher YY. v Jessica ZZ., 159 AD3d 18, 22; Matter of Suffolk County Dept. of Social Servs. v James D., 147 AD3d 1067, 1069; Matter of Tralisa R. v Max S., 145 AD3d 727, 727-728).
"A child born during marriage is presumed to be the biological product of the marriage and this presumption has been described as one of the strongest and most persuasive known to the law'" (David L. v Cindy Pearl L., 208 AD2d 502, 503, quoting Matter of Findlay, 253 NY 1, 7). Here, because the subject child was conceived and born during the marriage, there is a presumption that the child is the legitimate child of both the petitioner and the husband (see Domestic Relations Law § 24[1]; Family Ct Act § 417; Matter of Christopher YY. v Jessica ZZ., 159 AD3d at 26-28; Matter of Maria-Irene D. [Carlo A. Han Ming T.], 153 AD3d 1203, 1205; Matter of Carl Henry P. v Tiwiana L., 82 AD3d 1245, 1246). However, this presumption of legitimacy may be rebutted by clear and convincing evidence "excluding the husband as the father or otherwise tending to disprove legitimacy" (Matter of Barbara S. v Michael I., 24 AD3d 451, 452).
Even if the presumption of legitimacy applies, the Family Court must proceed to an analysis of the best interests of the child before deciding whether to order a test (see Matter of Mario WW. v Kristin XX., 149 AD3d 1227, 1228). To that end, the "paramount concern" in a proceeding to establish paternity is the best interests of the child, and the Family Court should hold a hearing addressed to that determination (Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 5 [internal quotation marks and citation omitted]). Importantly, biology is not dispositive in a court's paternity determination (see id. at 3; Matter of Shondel J. v Mark D., 7 NY3d at 326, 330; Matter of Carlos O. v Maria G., 149 AD3d 945, 946-947; Matter of Melissa S. v Frederick T., 8 AD3d 738, 738-739; Matter of Richard W. v Roberta Y., 240 AD2d 812, 814; see also Family Ct Act §§ 532[a]; 418[a]; Domestic Relations Law § 73; Matter of Joshua AA. v Jessica BB., 132 AD3d 1107, 1108).
In the present case, we agree with the Family Court that the petitioner failed to rebut the presumption of legitimacy by clear and convincing evidence (see Matter of Barbara S. v Michael I., 24 AD3d at 453). Nevertheless, regardless of the applicability of the presumption of legitimacy, the Family Court should not have refused to consider the issue of equitable estoppel raised by the petitioner and Ricardo R. E. in response to the husband's assertion of paternity (see Matter of Suffolk County Dept. of Social Servs. v James D., 147 AD3d 1067, 1069; Matter of Marilene S. v David H., 85 AD3d 1035, 1036; Matter of Ruby M.M. v Moses K., 18 AD3d 471, 472; Matter of Commissioner of Social Servs., Suffolk County DSS v Connolly, 303 AD2d 754). As relevant here, the doctrine "is a defense in a paternity proceeding which, among other applications, precludes a man from asserting his paternity when he acquiesced in the establishment of a strong parent-child bond between the child and another man" (Matter of John J. v Kayla I., 137 AD3d 1500, 1501 [internal quotation marks, ellipsis, and citations omitted]; see Matter of Stephen N. v Amanda O., 140 AD3d 1223, 1224; see also Family Ct Act § 522). It is significant that "courts impose equitable estoppel to protect the status interests of a child in an already recognized and operative parent-child relationship" (Matter of Shondel J. v Mark D., 7 NY3d at 327 [internal quotation marks and citation omitted]; see Matter of Suffolk County Dept. of Social Servs. v James D., 147 AD3d at 1069; see also Matter of [*3]Baby Boy C., 84 NY2d 91, 102 n.). While this doctrine is invoked in a variety of situations, "whether it is being used in the offensive posture to enforce rights or the defensive posture to prevent rights from being enforced, [it] is only to be used to protect the best interests of the child" (Matter of Juanita A. v Kenneth Mark N., 15 NY3d at 6; see Matter of Suffolk County Dept. of Social Servs. v James D., 147 AD3d at 1069). For that reason, this dispute does not involve the equities between or among the adults. The case turns exclusively on the best interests of the child (see Matter of Shondel J. v Mark D., 7 NY3d at 330; accord Matter of Carlos O. v Maria G., 149 AD3d at 946).
Although the Family Court should not have declined to consider the doctrine of equitable estoppel, the record contains sufficient evidence for this Court to make a determination that it is in the child's best interests to equitably estop the husband from asserting paternity. It is undisputed that Ricardo R. E. was present at the child's birth, gave the child his surname, and is recorded as the father on the child's birth certificate. Moreover, Ricardo R. E. lived with the child since his birth, supported the child financially, was actively involved in his care, and established a loving father-son relationship with the child over the first three years of his life before the husband asserted paternity. Further, it is uncontested that the father-son relationship between Ricardo R. E. and the child continued to exist at the time of the hearing, and that he refers to the child as his son.
The husband, who was aware that he could potentially be the child's biological father before the child's birth, was not involved in the child's prenatal care or present at his birth, and had never met or attempted to contact the child after his birth. He was employed, but never paid child support, and provided no financial support.
Under the circumstances, the Family Court should have determined that it was in the child's best interests to equitably estop the husband from asserting his paternity claim (see Matter of Shondel J. v Mark D., 7 NY3d at 326; Matter of Christopher YY. v Jessica ZZ., 159 AD3d at 28; Matter of Carlos O. v Maria G., 149 AD3d at 946; Matter of Stephen N. v Amanda O., 140 AD3d 1223, 1224; Matter of Richard W. v Roberta Y., 240 AD2d at 814). Genetic testing is not in the child's best interests (see Matter of Carlos O. v Maria G., 149 AD3d 945, cf. Matter of Beth R. v Ronald S., 149 AD3d 1216, 1218-1219; Matter of Gutierrez v Gutierrez-Delgado, 33 AD3d 1133, 1134; Matter of Anthony M., 271 AD2d 709, 711). To permit the husband to assume a parental role at this juncture would be unjust and inequitable (see Matter of Richard W. v Roberta Y., 240 AD2d at 814). Accordingly, the court should have granted the petition to adjudicate Ricardo R. E. the father of the child.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court