Matter of Denise R.-D. v Julio R. P. (2020 NY Slip Op 00145)





Matter of Denise R.-D. v Julio R. P.


2020 NY Slip Op 00145


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-13792
2018-13793
 (Docket No. P-23300-17)

[*1]In the Matter of Denise R.-D. (Anonymous), appellant 
v
Julio R. P. (Anonymous), respondent.


Deana Balahtsis, New York, NY, for appellant.
Joseph H. Rotkowitz, Flushing, NY, for respondent.
Daniel P. Moskowitz, Jamaica, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, the mother appeals from (1) an order of the Family Court, Queens County (Robert I. Caloras, J.), dated October 19, 2018, and (2) findings of fact of the same court dated October 22, 2018. The order, after a hearing, denied the mother's application for a genetic marker test and dismissed the petition.
ORDERED that the appeal from the findings of fact dated October 22, 2018, is dismissed without costs or disbursements, as no appeal lies therefrom (see DiFiore v DiFiore, 87 AD3d 971); and it is further,
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, the determination denying the mother's application for a genetic marker test is vacated, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.
In 2017, the mother commenced this proceeding pursuant to Family Court Act article 5 to adjudicate Julio R. P. (hereinafter the putative father) the father of the subject child. The mother and the putative father had an intimate relationship at the time the child was conceived. The putative father was present at the hospital shortly after the child's birth in November 2000, and attended the child's baptism. After the child was nine months old, there was no further contact between the putative father and the child. In July 2004, the mother married Hector R. (hereinafter the husband), with whom she had been in a relationship since the child was two years old. In 2008, the mother filed prior petitions against the putative father for paternity and custody of the child, which were subsequently dismissed due to the mother's failure to appear in court.
The putative father moved to dismiss the instant petition on the basis of equitable estoppel. After a fact-finding hearing, the Family Court determined that the mother and child were estopped from asserting the putative father's paternity, upon determining, inter alia, that the putative father had no relationship with the then 17-year-old child and that the child had been in a lengthy [*2]parent-child relationship with the husband. The court denied the mother's request for a genetic marker test and dismissed the petition. The mother appeals. We reverse.
"[T]he doctrine of equitable estoppel may be used by a purported biological father to prevent a child's mother from asserting biological paternity—when the mother has acquiesced in the development of a close relationship between the child and another father figure, and it would be detrimental to the child's interests to disrupt that relationship" (Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 6). "In this context, courts generally impose equitable estoppel to protect the status interests of a child in an already recognized and operative parent-child relationship" (Matter of Suffolk County Dept. of Social Servs. v James D., 147 AD3d 1067, 1069 [internal quotation marks omitted]. "[W]hether it is being used in the offensive posture to enforce rights or the defensive posture to prevent rights from being enforced, equitable estoppel is only to be used to protect the best interests of the child" (Matter of Juanita A. v Kenneth Mark N., 15 NY3d at 6). "[T]he issue does not involve the equities between the two adults; the case turns exclusively on the best interests of the child" (Matter of Shondel J. v Mark D., 7 NY3d 320, 330).
As the party moving for dismissal of the petition, the putative father failed to establish that the child would suffer irreparable loss of status, destruction of his family image, or other harm to his physical or emotional well-being if a genetic marker test was ordered (see Matter of Derrick H. v Martha J., 82 AD3d 1236, 1239). Here, the record reflects that the child was told by his mother and the husband at a young age that the putative father was his biological father. "Equitable estoppel is not used to deny the existence of a relationship, but rather to protect one" (Matter of Ramos v Broderek, 166 AD3d 783, 784). Absent any indication that the child's relationship with the husband needed protection from a determination as to whether the putative father was the biological father, equitable estoppel was not available to the putative father as a remedy (see id. at 784; Matter of Suffolk County Dept. of Social Servs. v James D., 147 AD3d at 1069; Matter of Derrick H. v Martha J., 82 AD3d at 1239). Thus, under the circumstances, any lack in diligence by the mother in pursuing her earlier petitions was not a basis to estop her from seeking to establish the putative father's paternity (see Matter of Shondel J. v Mark D., 7 NY3d at 331; cf. Matter of Karen G. v Thomas G., 109 AD3d 915, 917).
Accordingly, we reverse the order appealed from, reinstate the petition, vacate the determination denying the mother's application for a genetic marker test, and remit the matter to the Family Court, Queens County, for further proceedings in accordance with our determination.
AUSTIN, J.P., ROMAN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court