OPINION OF THE COURT

Per Curiam.

Appeal from an order rendered March 24, 1977 (Matthews, J.) is dismissed as nonappealable.
This action arises out of an unfortunate confrontation between the defendant and a New York City bus driver. The defendant was arrested after she attempted to use an allegedly invalid transfer and thereafter refused to pay the full fare or leave the bus.
The matter appeared on the Criminal Court Calendar on *368 January 10, 19 and 27, 1977, February 15, 1977, and March 10, 1977; however, Trial Parts proved unavailable to try this case. On January 10, 19 and 27, 1977 and February 15, 1977, the People repeatedly offered to adjourn the case in contemplation of dismissal. The defendant steadfastly refused this offer and continued to demand a trial, which she claimed would vindicate her on the merits. Finally, on March 24, 1977, the People moved for a dismissal of the case in the interest of justice (CPL 170.40), which motion defendant opposed, insisting that she be granted a trial. Notwithstanding the defendant’s opposition, the court below granted the People’s motion and defendant has appealed.
Defendant suggests that after her many court appearances and after the long hours which she spent waiting in court, she had a right to a trial on the merits. While we are indeed sympathetic with the defendant’s desire to seek vindication by a trial of the merits of this case, the issue before us is strictly a legal one of narrow dimension, to wit: whether the defendant has the right to appeal from a dismissal of the case against her, which dismissal was granted in the interest of justice. We conclude that, irrespective of defendant’s broader grievances, she has no such right to appeal from that dismissal.
CPL 1.20 (subd 15) provides: "A judgment is comprised of a conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence.” What defendant appeals from is thus not a judgment but an order of dismissal. Such an order is not appealable (CPL 450.10 and 450.15).
Furthermore, the order appealed from is manifestly in defendant’s favor. In this regard, CPLR 5511, providing, as it does, that "[a]n aggrieved party * * * may appeal from any appealable judgment,” constitutes a useful analogy. While the definition of what constitutes an "aggrieved party” is far from precise (7 Weinstein-Korn-Miller, NY Civ Prac, par 5511.03), it is the general rule that a party who has been successful below may not appeal the judgment in his or her favor (Matter of Kaplan v Rohan, 7 NY2d 884). Thus, by any standard of jurisprudence, the defendant as the successful party in the court below may not maintain this appeal. Defendant has no standing to compel the People to prosecute her, and accordingly her appeal must be dismissed.
Concur: Dudley, P. J., Tierney and Riccobono, JJ.