■ In the Matter of TANYA B., Also Known as TANYA C.— Motion for reargument granted and upon reargument memorandum decision dated December 19, 1986 [125 AD2d 1006] amended to read as follows:

In this proceeding to adjudicate respondent a person in need of supervision, respondent appeals from an order of adjournment, for a period of six months, in contemplation of dismissal. Because the matter was not restored to the calendar within the six-month period, the petition is deemed dismissed in the furtherance of justice (see, Family Ct Act § 749). The dismissal is manifestly in respondent's favor (see, People v Marinoff, 98 Misc 2d 367; CPLR 5511; Family Ct Act § 1118). Since she is no longer aggrieved by the order, the appeal is moot.

The statement in Matter of Denise M. W. (122 AD2d 556), that there may be collateral legal consequences resulting from an order granting an adjournment in contemplation of dismissal, is incorrect insofar as it applies to such an order after the petition has been dismissed and there is no longer any adjudication. Absent an adjudication, there can be no legal consequences. Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.

■ In the Matter of CHARLES O. BAISCH.—Order entered terminating suspension and reinstating petitioner as an attorney and counselor-at-law. Present—Dillon, P. J., Callahan, Doerr, Denman and Green, JJ.

■ In the Matter of NEAL COTE.—Motion to dismiss appeal granted. Cross motion for permission to appeal denied. Memorandum: There is no appeal as of right from a Family Court order denying a motion to vacate or set aside a prior order that disposed of the proceeding (Matter of Brenner v Brenner, 57 AD2d 813, lv dismissed 48 NY2d 713, lv dismissed 51 NY2d 766; Matter of Costa v Costa, 34 AD2d 646; Evans v Delguidice, 23 AD2d 791). Such an order is not an "order of disposition" within the meaning of Family Court Act § 1112. Present—Dillon, P. J., Green, Pine, Balio and Davis, JJ.