■ In the Matter of Darlene L.-B., Respondent, v Claudio B., Appellant. [813 NYS2d 139]—

In a proceeding pursuant to Family Ct Act § 516-a to vacate an acknowledgment of paternity, the appeal is from an order of the Family Court, Kings County (Silber, J.), dated April 13, 2005, which, after conference, dismissed the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for appointment of a Law Guardian to represent the interests of the child, for a hearing to determine the best interests of the child, and for further proceedings consistent herewith.

The petitioner and the appellant contend that the appellant acknowledged paternity of the child due to a mistake. The petitioner brought the instant proceeding to vacate the acknowledgment of paternity and a second proceeding to declare that another individual was the father of the child. The Family Court dismissed the instant proceeding without appointing a Law Guardian to represent the child's interests and without conducting a hearing with respect to the best interests of the child. This was error.

Under the circumstances of this case, where any determination by the Family Court has the potential to prejudice the child's interests, appointment of a Law Guardian to represent the best interests of the child is necessary (*see Richard D. v Wendy P.*, 47 NY2d 943, 945 [1979]; *Matter of Richard W. v Roberta Y.*, 240 AD2d 812 [1997]). Further, a hearing must be conducted to determine the child's best interests (*see Matter of Westchester County Dept. of Social Servs. v Robert W.R.*, 25 AD3d 62 [2005]; *Matter of Charles v Charles*, 296 AD2d 547, 549 [2002]).

Upon remittitur, the Family Court, Kings County, first should appoint a Law Guardian to represent the child. Secondly, the Family Court should conduct a hearing to determine the child's best interests. Based upon the child's best interests, the Family Court should determine whether the petition should be

dismissed on a theory of estoppel. If, and only if, the Family Court determines that there should not be an estoppel based upon the child's best interests, then the Family Court should order genetic marker or DNA tests and reach a determination thereon. Florio, J.P., Miller, Goldstein and Lunn, JJ., concur.