■ In the Matter of Isaiah A.C., Respondent, v Faith T., Appellant. [842 NYS2d 69]—

In a proceeding pursuant to Family Court Act article 5, the mother appeals, by permission, from an order of the Family Court, Nassau County (McCormack, J.), dated June 13, 2006, which directed a blood genetic marker test and, in effect, denied, after a hearing, the mother's motion to dismiss the proceeding based upon equitable estoppel. By decision and order on motion of this Court dated August 4, 2006, enforcement of the order dated June 13, 2006, was stayed.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County for a further hearing and new determination in accordance herewith.

Family Court Act § 418 (a) states that a genetic marker test shall not be ordered if the court finds that it is not in the child's best interests based upon equitable estoppel. The determination of whether the paternity petition should be dismissed based upon equitable estoppel must be determined before a genetic marker test is ordered (*see Matter of Darlene L.-B. v Claudio B.,* 27 AD3d 564, 565 [2006]). In the instant case, the mother contended that the child's father figure was her boyfriend; he acknowledged paternity at the child's birth, and his name appears on the child's birth certificate.

On the question of whether the proceeding is barred by equitable estoppel, the primary consideration is the best interests of the child (*see Matter of Ruby M.M. v Moses K.,* 18 AD3d 471, 471-472 [2005]). The issue of the best interests of the child

normally should be determined after a hearing joining all necessary parties including the person considered to be the child's father figure (*see Matter of Charles v Charles,* 296 AD2d 547, 550 [2002]). The mother's boyfriend did not appear in this proceeding as a party or a witness and the record on the nature of the relationship between the mother's boyfriend and the child is insufficient. Under the circumstances, the Family Court should have directed that all reasonable efforts be made to join the mother's boyfriend as a necessary party and to compel him to appear as a witness (*see Matter of Charles v Charles, supra*).

In view of the foregoing we remit the matter to the Family Court, Nassau County, for a further hearing and new determination. At the further hearing, the mother's boyfriend should be subpoenaed to testify, and reasonable efforts should be made to join him as a party. Moreover, if the Family Court deems the child, who is now over five years old, sufficiently mature, he should be interviewed in camera. The further hearing should be held promptly and the new determination issued without further delay. Crane, J.P., Goldstein, Dillon and Carni, JJ., concur.