In the Matter of SANTOS ERNESTO R., Petitioner, v MARIA S.C., Appellant, et al., Nonparty. [875 NYS2d 148]—

In a proceeding to establish paternity pursuant to Family Court Act article 5, the mother appeals from an order of the Family Court, Nassau County (Lawrence, J.), dated October 26, 2007, which denied the motion of the nonparty Cruz Y.P., in which the mother joined, to vacate an acknowledgment of paternity of the subject child executed by the mother and the nonparty Cruz Y.P. on November 18, 1998. Assigned counsel for the appellant has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* Family Ct Act § 1112 [a]); and it is further;

Ordered that the motion is granted, Steven A. Feldman is relieved as counsel for the appellant, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Joseph R. Faraguna, P.O. Box 122, Sag Harbor, N.Y. 11963, telephone number 631-514-5547, is assigned as counsel to perfect the appeal from the order dated October 29, 2007; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order, and the petitioner, the nonparty Cruz Y.P., and the attorney for the child shall serve and file their briefs within 120 days of the date of this decision and order. By prior order on certification of this Court dated February 25, 2008, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

On November 18, 1998, the nonparty Cruz Y.P. executed an acknowledgment that he is the father of the subject child. The mother also executed the acknowledgment on that date. Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not limited to, whether the mother's joinder in the motion of the nonparty Cruz Y.P. to vacate the acknowledgment of his paternity of the subject child on the ground that he mistakenly believed he was the biological father at the time he signed it was sufficient to establish grounds for the relief requested (*see* Family Ct Act § 516-a [b];

*Matter of Darlene L.-B. v Claudio B.*, 27 AD3d 564 [2006]), whether, notwithstanding the mother's joinder in the motion, a factual issue was raised warranting an evidentiary hearing as to that alleged mistaken belief (*see Matter of Westchester County Dept. of Social Servs. v Robert W.R.*, 25 AD3d 62 [2005]) and, in the event that grounds to vacate the acknowledgment are established, whether a hearing must be held to determine the best interests of the child with respect to the applicability of the doctrine of equitable estoppel (*see Matter of Isaiah A. C. v Faith T.*, 43 AD3d 1048 [2007]; *Matter of Westchester County Dept. of Social Servs. v Robert W.R.*, 25 AD3d at 71-72). Mastro, J.P., Florio, Covello and Belen, JJ., concur.