■ ANDREW T., Respondent, v YANA T., Appellant. [902 NYS2d 818]—

Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered on or about December 24, 2009, which, to the extent appealed from, as limited by the brief, granted plaintiff former husband's motion to the extent of ordering genetic marker testing be performed on defendant and her child, unanimously reversed, on the law, without costs, and the matter remanded to Supreme Court for further proceedings consistent herewith.

The parties were granted an uncontested divorce on the grounds of constructive abandonment, based on the plaintiff's sworn statement that defendant refused to have sexual relations with him for a period of one year prior to commencement of the divorce action. Just over a year after the divorce judgment was entered, plaintiff brought the instant application seeking to establish his paternity of defendant's child, alleging that he was unaware that she was pregnant when he commenced the divorce proceeding and that she had given birth some time during their separation. Plaintiff claimed he did not know the child's date of birth and made no affirmative allegations contradicting the affidavit he submitted in support of the divorce petition. Defendant opposed what she characterized as plaintiff's effort to undermine the divorce judgment and establish paternity, stating that she has remarried and established a happy home for the child with her second husband.

We conclude that the order was granted prematurely, based on an inadequate record and without representation of the child's interests.

In all cases involving the issue of paternity, the "paramount concern" is the child's best interests, and an order directing genetic testing therefore should not be entered prior to a hearing on the child's best interests (see Matter of Lovely M. [Michael McL.—Tracey M.], 70 AD3d 516, 516 [2010]), at which the child should be represented by a legal guardian (see Matter of Darlene L.-B. v Claudio B., 27 AD3d 564 [2006]; Michaella M. M. v Abdel Monem El G., 98 AD2d 464, 466 [1984]; see also Family Ct Act § 542 [b]; § 418 [a]). Concur—Tom, J.P., Sweeny, Catterson, McGuire and Román, JJ. [Prior Case History: 26 Misc 3d 1039.]