In the Matter of JONATHAN H. MERRITT, SR., Appellant, v BETHANN ALLEN, Respondent. (Proceeding No. 1.) In the Matter of JONATHAN H. MERRITT, SR., Appellant, v BETHANN ALLEN, Respondent. (Proceeding No. 2.) [953 NYS2d 128]—

Pursuant to Family Court Act §§ 418 (a) and 532 (a), no paternity test shall be ordered upon a written finding by the court that it is not in the best interests of the child on the basis

of, inter alia, equitable estoppel. The paramount concern in applying equitable estoppel in paternity cases is the best interests of the child (*see Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]; *Matter of Seth P. v Margaret D.*, 90 AD3d 1053, 1054 [2011]). Here, contrary to the petitioner's contention, the best interests of the child support the Family Court's determination to invoke the doctrine of equitable estoppel in granting the mother's motion to dismiss his petition to set aside an acknowledgment of paternity dated December 22, 2000, direct a paternity test, and discontinue his payment of child support. Since August 2006, upon the petitioner's consent, he has been paying support for the child. The petitioner has sought and been granted visitation with the child, and the child understands the petitioner to be his father (*see Matter of Shondel J. v Mark D.*, 7 NY3d at 328).

The petitioner's remaining contention is without merit.

Accordingly, the Family Court properly granted the mother's motion to dismiss the petition to set aside the acknowledgment of paternity, direct a paternity test, and discontinue the payment of child support, and properly dismissed the petition to modify a prior order of child support dated January 25, 2008, vacated an order of the same court dated February 7, 2011, and directed that the petitioner's child support payments held in escrow be released to the mother. Rivera, J.P., Chambers, Hall and Roman, JJ., concur.