■ In the Matter of TRALISA R., Respondent, v MAX S., Respondent. GIOVANNI L.R., Nonparty Appellant. [43 NYS3d 427]—

Appeal by the child from an order of the Family Court, Kings County (Sharon A. Bourne-Clarke, J.), dated February 23, 2016. The order, without a hearing, directed the parties and the child to submit to genetic marker testing. By decision and order on motion dated March 24, 2016, this Court granted the child's motion to stay enforcement of the order pending hearing and determination of this appeal.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a hearing and determination in accordance herewith.

In November 2015, the mother commenced the instant paternity proceeding against the putative father. Thereafter, the putative father requested that the Family Court direct the parties and the child to submit to genetic marker testing. However, the attorney for the child objected and requested that the court address the issue of equitable estoppel before ordering any testing. Over the objection of the attorney for the child, the court directed the parties and the child to submit to genetic marker testing and indicated that it would subsequently address the issue of equitable estoppel if necessary. The child appeals.

Family Court Act § 532 provides that, in a proceeding to establish paternity, "on the court's own motion or the motion of any party, [the court] shall order the mother, her child and the alleged father to submit to one or more genetic marker or DNA tests" (Family Ct Act § 532 [a]; *see Matter of Shondel J. v Mark D.*, 7 NY3d 320, 329 [2006]). However, "[n]o paternity test shall

be ordered upon a written finding by the court that it is not in the best interests of the child on the basis of, inter alia, equitable estoppel" (*Matter of Merritt v Allen*, 99 AD3d 1006, 1006-1007 [2012]). "Where a party to a paternity proceeding raises an issue of equitable estoppel, that issue must be resolved before any biological testing is ordered" (*Matter of Marilene S. v David H.*, 85 AD3d 1035, 1036 [2011]; *see Matter of Juanita A. v Kenneth Mark N.*, 15 NY3d 1, 6 n [2010]; *Matter of Shondel J. v Mark D.*, 7 NY3d at 330; *Matter of Isaiah A. C. v Faith T.*, 43 AD3d 1048, 1048 [2007]; *Matter of Darlene L.-B. v Claudio B.*, 27 AD3d 564, 564-565 [2006]; *Matter of Westchester County Dept. of Social Servs. v Robert W.R.*, 25 AD3d 62, 71-72 [2005]).

Here, the Family Court erred in directing the parties and the child to submit to genetic marker testing before resolving the issue of equitable estoppel (*see Matter of Shondel J. v Mark D.*, 7 NY3d at 330; *Matter of Augustine A. v Samantha R.S.*, 138 AD3d 458, 459 [2016]; *Matter of Darlene L.-B. v Claudio B.*, 27 AD3d at 564; *cf. Matter of Marilene S. v David H.*, 85 AD3d at 1035; *Matter of Leon L. v Carole H.*, 210 AD2d 484, 485 [1994]). Thus, we remit the matter to the Family Court, Kings County, for a hearing on the issue of equitable estoppel. If, and only if, the court determines that equitable estoppel should not be applied based upon the child's best interests, then the court should order genetic marker or DNA tests and reach a determination thereon (*see Matter of Darlene L.-B. v Claudio B.*, 27 AD3d at 565). Rivera, J.P., Chambers, Roman and Brathwaite Nelson, JJ., concur.