Matter of Suffolk County Dept. of Social Servs. v Dominick C. (2018 NY Slip Op 04742)





Matter of Suffolk County Dept. of Social Servs. v Dominick C.


2018 NY Slip Op 04742


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-07704
 (Docket No. P-873-17)

[*1]In the Matter of Suffolk County Department of Social Services, on behalf of Donna B. (Anonymous), appellant, 
v
Dominick C. (Anonymous), respondent.


Dennis M. Brown, County Attorney, Central Islip, NY (Danielle N. Razzouk of counsel), for appellant.
Darla A. Filiberto, Hauppauge, NY, for respondent.
Arza Rayches Feldman, Uniondale, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, the petitioner appeals from an order of the Family Court, Suffolk County (Jeffrey Arlen Spinner, J.), dated June 30, 2017. The order dismissed, without a hearing, the petition to adjudicate the respondent to be the father of the subject child.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith.
The petitioner commenced this paternity proceeding pursuant to Family Court Act article 5 to adjudicate the respondent to be the father of the subject child. During a court appearance, the attorney for the child asserted that the child considered another individual—the son of the woman with whom the child resided—to be his father. The respondent then sought dismissal of the petition on the basis of equitable estoppel. Without holding a hearing, the Family Court dismissed the petition against the respondent on that basis. The petitioner appeals.
The paramount concern in applying equitable estoppel in paternity cases is the best interests of the subject child (see Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 5; Matter of Shondel J. v Mark D., 7 NY3d 320, 326). "The issue of the best interests of the child normally [*2]should be determined after a hearing joining all necessary parties including the person considered to be the child's father figure" (Matter of Isaiah A. C. v Faith T., 43 AD3d 1048, 1048-1049; see Matter of Charles v Charles, 296 AD2d 547, 549-550).
Here, the individual whom the child is said to consider his father was not joined in this proceeding, and there was insufficient evidence of the child's relationship with that individual to permit a determination as to the child's best interests (see Matter of Isaiah A. C. v Faith T., 43 AD3d at 1048-1049; Matter of Charles v Charles, 296 AD2d at 549-550). Under these circumstances, the Family Court erred in dismissing the petition, and we remit the matter to the Family Court, Suffolk County, so that the petitioner may make all reasonable efforts to join, as a necessary party, the individual whom the child is said to consider his father, and thereafter, for a hearing on the issue of equitable estoppel.
MASTRO, J.P., SGROI, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court