Matter of George C.S. v Kerry-Ann B. (2018 NY Slip Op 06917)





Matter of George C.S. v Kerry-Ann B.


2018 NY Slip Op 06917


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2017-13198
 (Docket No. P-25680-17)

[*1]In the Matter of George C. S. (Anonymous), petitioner-respondent, 
v
Kerry-Ann B. (Anonymous), respondent-respondent; Kyaire B. (Anonymous), nonparty-appellant. Susan S., nonparty-respondent.


Karen P. Simmons, Brooklyn, NY (Laura Solecki and Janet Neustaetter of counsel), attorney for the child, the nonparty-appellant, Kyaire B.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, the child appeals, by permission, from an order of the Family Court, Kings County (Richard N. Ross, J.H.O.), dated October 30, 2017. The order, without a hearing, directed the petitioner and the child to submit to genetic marker testing. By decision and order on motion dated January 19, 2018, this Court, inter alia, stayed enforcement of the order pending hearing and determination of the appeal.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to a Judge of the Family Court, Kings County, for a hearing and determination in accordance herewith.
In this paternity proceeding, the attorney for the child objected to genetic marker testing, arguing that there was an issue of equitable estoppel. The Family Court, without holding a hearing on the issue of equitable estoppel, directed the petitioner and the child to submit to genetic marker testing. The child appeals.
Family Court Act § 532 provides that, in a proceeding to establish paternity, "on the court's own motion or the motion of any party, [the court] shall order the mother, her child and the alleged father to submit to one or more genetic marker or DNA tests" (Family Ct Act § 532[a]; see Matter of Shondel J. v Mark D., 7 NY3d 320, 329). However, "no paternity test shall be ordered upon a written finding by the court that it is not in the best interests of the child on the basis of, inter alia, equitable estoppel" (Matter of Merritt v Allen, 99 AD3d 1006, 1006-1007). "Where a party to a paternity proceeding raises an issue of equitable estoppel, that issue must be resolved before any biological testing is ordered" (Matter of Marilene S. v David H., 85 AD3d 1035, 1036; see Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 6 n; Matter of Shondel J. v Mark D., 7 NY3d at 330; Matter of Isaiah A. C. v Faith T., 43 AD3d 1048, 1048; Matter of Darlene L.-B. v Claudio B., 27 AD3d 564, 564-565).
Here, the Family Court should not have directed the petitioner and the child to submit to genetic marker testing before resolving the issue of equitable estoppel (see Matter of Shondel J. v Mark D., 7 NY3d at 330; Matter of Augustine A. v Samantha R.S., 138 AD3d 458, 459; Matter of Darlene L.-B. v Claudio B., 27 AD3d at 564-565). We remit the matter to a Judge of the Family [*2]Court, Kings County, for a hearing on the issue of equitable estoppel. If, and only if, the court determines that equitable estoppel should not be applied based upon the child's best interests, then the court should direct genetic marker or DNA tests and reach a determination thereon (see Matter of Tralisa R. v Max S., 145 AD3d 727, 728; Matter of Darlene L.-B. v Claudio B., 27 AD3d at 564-565).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
LEVENTHAL, J.P., CHAMBERS, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court