Matter of Mark A.M. v Lesley R.S. (2019 NY Slip Op 01414)





Matter of Mark A.M. v Lesley R.S.


2019 NY Slip Op 01414


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2017-12030
2017-12032
 (Docket No. P-8052-17)

[*1]In the Matter of Mark A.M. (Anonymous), petitioner-respondent, 
v
Lesley R.S. (Anonymous), respondent; Elisha M. (Anonymous), nonparty-appellant.


Hani M. Moskowitz, Garden City, NY, attorney for the child, the nonparty-appellant Elisha M.
N. Scott Banks, Hempstead, NY (Tammy Feman and Argun M. Ulgen of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, the child appeals from (1) an order of the Family Court, Nassau County (Felice J. Muraca, J.), dated September 28, 2017, and (2) an order of the same court dated November 6, 2017. The order dated September 28, 2017, granted a petition to vacate the acknowledgment of paternity. The order dated November 6, 2017, insofar as appealed from, upon reargument, adhered to the prior determination in the order dated September 28, 2017.
ORDERED that the appeal from the order dated September 28, 2017, is dismissed, without costs or disbursements, as that order was superseded by the order dated November 6, 2017, made upon reargument; and it is further,
ORDERED that the order dated November 6, 2017, is reversed insofar as appealed from, on the law, without costs or disbursements, and, upon reargument, the order dated September 28, 2017, is vacated and the petition to vacate the acknowledgment of paternity is denied.
A party seeking to challenge an acknowledgment of paternity more than 60 days after its execution must prove that it was signed by reason of fraud, duress, or material mistake of fact (see Family Ct Act § 516-a[b][ii], [iv]). If the petitioner meets this burden, the court is required to conduct a further inquiry to determine whether the petitioner should be estopped, in accordance with the child's best interest, from challenging paternity (see Family Ct Act § 516-a[b][iv]; Matter of Darlene L.-B. v Claudio B., 27 AD3d 564; Matter of Westchester County Dept. of Social Servs. v Robert W.R., 25 AD3d 62, 72). If the court concludes that estoppel is not warranted, the court is required to order genetic marker tests or DNA tests for the determination of the child's paternity, and to vacate the acknowledgment of paternity in the event that the individual who executed the document is not the child's father (see Family Ct Act § 516-a[b][iv]; Matter of Santos Ernesto R. [*2]v Maria S.C., 66 AD3d 910; Matter of Darlene L.-B. v Claudio B., 27 AD3d at 564).
Here, we disagree with the Family Court's vacatur of the acknowledgment of paternity, as the petitioner failed to prove that the acknowledgment of paternity was signed by reason of fraud, duress, or material mistake of fact (see Family Ct Act § 516-a[b][ii]). Accordingly, the petition to vacate the acknowledgment of paternity should have been denied.
RIVERA, J.P., BALKIN, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court