Matter of Danielle E.P. v Christopher N. (2022 NY Slip Op 04841)

Matter of Danielle E.P. v Christopher N.

2022 NY Slip Op 04841

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

376 CAF 20-01662

[*1]IN THE MATTER OF DANIELLE E.P., PETITIONER-RESPONDENT,
v
CHRISTOPHER N., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 

TRICIA DORN, SYRACUSE, D.J. & J.A. CIRANDO, PLLC (REBECCA L. KONST OF COUNSEL), FOR RESPONDENT-APPELLANT.
LISA H. BLITMAN, SYRACUSE, FOR PETITIONER-RESPONDENT.
PETER J. DIGIORGIO, JR., UTICA, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Onondaga County (Julie A. Cecile, J.), entered May 28, 2020 in a proceeding pursuant to Family Court Act article 5. The order adjudicated respondent to be the father of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 5, respondent-petitioner (respondent) appeals in appeal No. 1 from an order that, following a hearing, adjudicated him to be the father of a child born in September 2016. In appeal No. 2, respondent appeals from a subsequent order that denied his motion to vacate the prior order under CPLR 5015 (a) on grounds of fraud and newly discovered evidence. We now affirm in both appeals.
Initially, we note that the order in appeal No. 2 is not appealable as of right because a Family Court order denying a motion to vacate a prior order that disposed of a proceeding is not an "order of disposition" within the meaning of Family Court Act § 1112 (a) (Matter of Cote, 127 AD2d 1011, 1011 [4th Dept 1987] [internal quotation marks omitted]). Nevertheless, we deem the notice of appeal in appeal No. 2 to be an application for leave to appeal and, in the exercise of our discretion, we grant leave to appeal (see § 1112 [a]; see generally Matter of Steeno v Szydlowski, 181 AD3d 1224, 1225 [4th Dept 2020]).
Respondent and petitioner-respondent (petitioner) had sexual relations in September 2015 and January 2016. At the time that petitioner gave birth to the subject child, she was in a relationship with another man who is identified as the child's father on the birth certificate and who signed an acknowledgment of paternity. Shortly after the child was born, petitioner's relationship with that man ended. Petitioner then informed respondent that he might be the child's father and filed a paternity petition against him. Based on the acknowledgment of paternity, Family Court dismissed the petition. After the acknowledgment of paternity was vacated, petitioner commenced this proceeding.
At the outset of the proceeding, the Support Magistrate ordered genetic marker testing, which established that respondent is the child's biological father. The Support Magistrate thereafter transferred the matter to Family Court for a hearing on respondent's defense of equitable estoppel. Following the hearing, the court adjudicated respondent to be the child's father.
Respondent contends in appeal No. 1 that reversal is required because the Support [*2]Magistrate erred in ordering him to submit to genetic marker testing before the issue of equitable estoppel was resolved. We reject that contention. It is well settled that "the doctrine of equitable estoppel may be used by a purported biological father to prevent a child's mother from asserting biological paternity—when the mother has acquiesced in the development of a close relationship between the child and another father figure, and it would be detrimental to the child's interests to disrupt that relationship" (Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 6 [2010]). As respondent points out, no genetic marker or DNA marker tests shall be ordered in a paternity proceeding "upon a written finding by the court that it is not in the best interests of the child on the basis of res judicata, equitable estoppel, or the presumption of legitimacy of a child born to a married woman" (Family Ct Act § 532 [a]; see also
§ 418 [a]). Thus, the court "should consider paternity by estoppel before it decides whether to test for biological paternity" (Matter of Shondel J. v Mark D., 7 NY3d 320, 330 [2006]; see Matter of Jennifer L. v Gerald S., 145 AD3d 1581, 1582 [4th Dept 2016], lv dismissed 29 NY3d 942 [2017]).
Nevertheless, the fact that testing has already been conducted when a court holds a hearing on equitable estoppel does not mandate reversal of a subsequent order determining paternity (see Shondel J., 7 NY3d at 330; Jennifer L., 145 AD3d at 1583). We note that respondent had a full and fair opportunity to litigate his equitable defense, which the court rejected following the hearing, and that respondent does not challenge the court's determination that he failed to establish that equitable estoppel applies. Moreover, the court made clear that, notwithstanding the results of the genetic marker test, the paternity petition would have been denied had respondent met his burden of proof on equitable estoppel (cf. Jennifer L., 145 AD3d at 1583).
We reject respondent's further contention in appeal No. 1 that the Support Magistrate erred in ordering genetic testing before respondent was represented by counsel. Although a "respondent in any proceeding under [Family Court Act article 5] in relation to the establishment of paternity" has a right to the assistance of counsel (Family Ct Act § 262 [a] [viii]), respondent cites no authority for the proposition that a Support Magistrate cannot lawfully order a party to submit to genetic testing before the party is represented by counsel. To the contrary, paternity proceedings have, in fact, been adjourned to provide the parties with the opportunity to obtain counsel and complete genetic testing (see Matter of Marianne R. v Richard C., 150 AD2d 378, 379 [2d Dept 1989]; cf. Matter of Ingravera v Goss, 13 AD3d 627, 628 [2d Dept 2004]).
In appeal No. 2, respondent contends that the court erred in denying his motion to vacate the order that adjudicated him to be the child's father. We disagree. In support of his motion, respondent submitted evidence that petitioner and a man who was her boyfriend at the time of the hearing became joint owners of a home approximately six months after the hearing ended and that they were married later that year. As the court determined, this was not newly discovered evidence within the meaning of CPLR 5015 (a) (2) inasmuch as it was not evidence that "was in existence but undiscoverable with due diligence at the time of the original order or judgment" (Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089 [2d Dept 2017]; see Matter of Commercial Structures v City of Syracuse, 97 AD2d 965, 966 [4th Dept 1983]). Even assuming, arguendo, that it did constitute newly discovered evidence, we conclude that it would not "probably have produced a different result" if it had been introduced at the hearing (CPLR 5015 [a] [2]; see Wall St. Mtge. Bankers, Ltd., 148 AD3d at 1089; Matter of Arkadian S. [Crystal S.], 130 AD3d 1457, 1459 [4th Dept 2015], lv dismissed 26 NY3d 995 [2015]).
"Whether estoppel should be applied depends entirely on the best interests of the child and not the equities between the adults" (Jennifer L., 145 AD3d at 1582; see Shondel J., 7 NY3d at 330). Thus, even if petitioner had admitted at the hearing that she and the boyfriend discussed marriage or had a more committed relationship than appeared from their testimony, that evidence would not establish a basis for applying the doctrine of equitable estoppel. Respondent's claim of estoppel was not based on the nature and extent of the relationship between petitioner and her boyfriend; rather, it was based on the nature and extent of the relationship between the boyfriend and the child, and there was insufficient evidence that the boyfriend ever held himself out as the child's father.
Finally, the court also properly rejected respondent's claim that the paternity order was obtained as a result of "fraud, misrepresentation, or other misconduct of an adverse party" (CPLR [*3]5015 [a] [3]; see Arkadian S., 130 AD3d at 1459; Matter of Shere L. v Odell H., 303 AD2d 1023, 1023 [4th Dept 2003]).
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court