Matter of Brandon J. v Leola K. (2024 NY Slip Op 03786)

Matter of Brandon J. v Leola K.

2024 NY Slip Op 03786

Decided on July 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 11, 2024

CV-23-0939
[*1]In the Matter of Brandon J., Respondent,
v
Leola K., Respondent. Aaron L., Appellant.

Calendar Date:May 28, 2024

Before:Garry, P.J., Egan Jr., Lynch, Fisher and Powers, JJ.

Lisa K. Miller, McGraw, for appellant.
Jackson Bergman, LLP, Binghamton (Amanda Kelly of counsel), for Brandon J., respondent.
James P. Youngs, Syracuse, for Leola K., respondent.
Andrea J. Mooney, Ithaca, attorney for the child.

Lynch, J.
Appeal from an order of the Family Court of Tioga County (Adam R. Schumacher, J.), entered April 24, 2023, which, in a proceeding pursuant to Family Ct Act article 5, ordered genetic marker testing for the purpose of establishing petitioner's paternity of a child born to respondent.
Respondent (hereinafter the mother) gave birth to the subject child in May 2021 while she was engaged to Aaron L. Unbeknownst to Aaron L., around the time of conception, the mother was also having sexual relations with petitioner. Petitioner was incarcerated a few months after the child was born, at which time the mother was residing with Aaron L., the child, an older child they had in common and Aaron L.'s child from a prior relationship. Nevertheless, the mother maintained contact with petitioner, permitting him to communicate with the child through several FaceTime calls from jail. She also established a relationship with petitioner's mother. When this communication subsequently ceased, petitioner filed the instant petition in July 2022 seeking an order of filiation (see Family Ct Act § 542), asserting his belief that he was the child's biological father.
The matter was originally assigned to a Support Magistrate (Ciccone, S.M.), who referred it to a Family Court Judge after the mother raised the defense of equitable estoppel (see Family Ct Act § 439 [b]). At the initial appearance before the Family Court Judge, the mother reaffirmed her equitable estoppel defense. Aaron L. was not named as a respondent in the petition, but he received notice of the proceeding and was assigned counsel, who was present at the initial appearance and joined in the mother's equitable estoppel defense. Following a fact-finding hearing, Family Court determined that equitable estoppel should not be applied to prevent a genetic marker test and referred the petition back to the Support Magistrate for further proceedings.[FN1] Aaron L. appeals, and we affirm.[FN2]
Aaron L. initially argues that Family Court improperly proceeded without joining him as a necessary party. There is no dispute that Aaron L., as a putative father, is a necessary party in this proceeding "for purposes of not only protecting his own rights, but determining the nature and quality of his relationship with the child so as to enable Family Court to render a proper determination as to the child's best interests" (Matter of Montgomery County Dept. of Social Servs. v Jose Y., 173 AD3d 1273, 1274 [3d Dept 2019], lv dismissed 34 NY3d 1010 [2019]; see Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 4 [2010]). Although the petition was never formally amended to list Aaron L. as a respondent, the record establishes that he was treated as a party and fully engaged in the matter in such capacity (see Matter of Michael S. v Sultana R., 163 AD3d 464, 474 [1st Dept 2018], lv dismissed 35 NY3d 964 [2020]). Aaron L. was present with counsel throughout the fact-finding hearing and testified about his relationship with the child. His counsel [*2]cross-examined witnesses and made a closing argument that equitable estoppel should bar a genetic marker test (see Matter of Montgomery County Dept. of Social Servs. v Jose Y., 173 AD3d at 1274-1275). Family Court, in its order on appeal, explicitly stated that Aaron L. had been "joined" as an interested party. This record demonstrates that Aaron L. was effectively treated as a party in this case. Although it "would have been a best practice to [formally] join [Aaron L.] as a necessary party" (Matter of Michael S. v Sultana R., 163 AD3d at 473), under these circumstances, "we discern no violation of [Aaron L.'s] due process rights" (Matter of Montgomery County Dept. of Social Servs. v Jose Y.,173 AD3d at 1275). The failure to amend the caption to reflect Aaron L.'s status as a party-respondent amounts to a ministerial issue that does not — as he suggests — preclude enforcement of the order on appeal (see Matter of Michael S. v Sultana R., 163 AD3d at 473-474; compare Matter of Isaiah A. C. v Faith T., 43 AD3d 1048, 1049 [2d Dept 2007]; Matter of Perez v Munoz, 43 AD3d 469, 470 [2d Dept 2007], lv denied 9 NY3d 816 [2007]; Matter of Richard W. v Roberta Y., 212 AD2d 89, 92 [3d Dept 1995]).[FN3]
Turning to the merits, "[a] court's paramount concern in a paternity proceeding is the child's best interests" (Matter of John D. v Carrie C., 202 AD3d 1355, 1356 [3d Dept 2022] [internal quotation marks and citations omitted]). As such, genetic marker testing shall not be ordered when the court finds "that it is not in the best interests of the child on the basis of . . . equitable estoppel" (Family Ct Act § 532 [a]). "The purpose of imposing equitable estoppel is to protect the status interests of a child in an already recognized and operative parent-child relationship" (Matter of Montgomery County Dept. of Social Servs. v Jose Y., 173 AD3d at1275, [internal quotation marks and citations omitted]). Accordingly, "the doctrine has been used to prevent a biological father from asserting paternity rights when it would be detrimental to the child's interests to disrupt the child's close relationship with another father figure" (Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 3 [2010]). Application of the doctrine "does not involve the equities between adult participants to the paternity proceedings" (Matter of John D. v Carrie C., 202 AD3d at 1357). "[R]ather, in the context of a paternity proceeding, it is the child's justifiable reliance on a representation of paternity that is considered and, therefore, the doctrine of equitable estoppel will be applied only where its use furthers the best interests of the subject child" (id. [internal quotation marks and citations omitted]; accord Matter of Jacob G. v Antonia H., 227 AD3d 1329, 1330 [3d Dept 2024]). "[I]f the record fails to establish that the child would suffer irreparable loss of status, destruction of his or her family image, or other harm to his or her physical or emotional well-being if this proceeding [*3]were permitted to go forward, then equitable estoppel will not apply" (Matter of Stephen N. v Amanda O., 173 AD3d 1280, 1281 [3d Dept 2019] [internal quotation marks, brackets and citations omitted], lv dismissed 34 NY3d 1033 [2019]).
"As the part[ies] asserting equitable estoppel, the mother [and Aaron L.] b[ore] the initial burden of establishing that a parent-child relationship existed between [Aaron L.] and the child " (Matter of Darrell RR. v Donaisha SS., 216 AD3d 1234, 1234 [3d Dept 2023] [citation omitted], lv dismissed 40 NY3d 967 [2023]).[FN4] The unrefuted evidence established that Aaron L. was present at the hospital for the child's birth, signed an acknowledgment of parentage (see Family Ct Act § 516-a), and thereafter began caring for and raising the child as his own. There was testimony that the child refers to Aaron L. as "daddy" and calls his mother "grandma." Although Aaron L. and the mother were no longer in a relationship and lived separately by the time of the fact-finding hearing, he did see the child an average of 3½ to 4 times per week. Aaron L. also had a room for the child at his house and testified that he desired to maintain a relationship with her even if genetic marker testing revealed that petitioner was the biological father. Given the foregoing, we find that Aaron L. and the mother adequately demonstrated that a parent-child relationship existed between the child and Aaron L., shifting the burden "to petitioner to demonstrate that ordering a genetic marker test would be in the child's best interests" (Matter of Stephen N. v Amanda O., 173 AD3d at 1282; see Matter of Christopher YY. v Jessica ZZ., 159 AD3d 18, 29-30 [3d Dept 2018], lv denied 31 NY3d 909 [2018]).
We conclude that petitioner met this burden. In this context, "a best interests analysis focuses on factors such as the child's interest in knowing the identity of his or her biological father, whether testing may have a traumatic effect on the child, and whether continued uncertainty may have a negative impact on a parent-child relationship in the absence of testing" (Matter of Stephen N. v Amanda O., 173 AD3d at 1282-1283 [internal quotation marks, brackets and citation omitted]). We find it significant that the child was not quite two years old at the time of the hearing. By that point, the mother and Aaron L. were neither engaged nor living together, but did establish an ongoing coparenting schedule. At the same time, despite his own difficulties leading to an extended term of incarceration,[FN5] petitioner demonstrated a basis to claim he is the biological father, provided financial support and made an effort to establish a relationship with the child, as did his mother (see generally Matter of Granger v Misercola, 21 NY3d 86, 89-91 [2013]). Given these factors, Family Court's determination that now is the time to resolve petitioner's claim through a genetic marker test in the best interests of the child has a sound and substantial basis in the record (see Matter [*4]of Stephen N. v Amanda O., 173 AD3d at 1285).
Aaron L.'s remaining contentions, including that Family Court applied an incorrect standard of review and called witnesses out of order, are without merit.
Garry, P.J., Egan Jr., Fisher and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The Support Magistrate thereafter ordered a genetic marker test. Family Court subsequently issued a stay of this order pending the outcome of the present appeal.

Footnote 2: The order on appeal is nondispositional in nature and, thus, not appealable as of right (see Family Ct Act § 1112 [a]). Nevertheless, this Court will "treat [Aaron L.'s] notice of appeal as a motion for leave to appeal and grant it" (Matter of Darrell RR. v Donaisha SS., 216 AD3d 1234, 1234 n 1 [3d Dept 2023], lv dismissed 40 NY3d 967 [2023]).

Footnote 3: Aaron L.'s brief contains a footnote claiming that his counsel rendered ineffective assistance by erroneously advising him that, because he was only an interested party instead of a necessary party, he could call no witnesses and enter no evidence. That alleged conversation is dehors the record and is unsupported by any sworn statements or evidence. We further note that Aaron L. testified during the fact-finding hearing. In these circumstances, Aaron L. did not submit sufficient evidence to "demonstrate that he . . . was deprived of meaningful representation as a result of his . . . lawyer's [alleged] deficiencies" (Matter of Jeffery VV. v Angela VV., 176 AD3d 1413, 1417 [3d Dept 2019] [internal quotation marks and citations omitted]).

Footnote 4: Although the mother initially raised the defense of equitable estoppel, she did not testify or call any witnesses during the paternity proceeding (see Family Ct Act § 531). Nevertheless, her attorney cross-examined every witness. The attorney for the child agrees with the mother and Aaron L. that equitable estoppel should apply and that it is not in the child's best interests to order a genetic marker test.

Footnote 5: The record indicates that petitioner will be eligible for parole in 2028.