Matter of Jonathan M. v Jessica N. (2025 NY Slip Op 01482)

Matter of Jonathan M. v Jessica N.

2025 NY Slip Op 01482

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., SMITH, GREENWOOD, DELCONTE, AND HANNAH, JJ.

124 CAF 24-00112

[*1]IN THE MATTER OF JONATHAN M., PETITIONER-APPELLANT,
v
JESSICA N. AND THOMAS M., RESPONDENTS-RESPONDENTS. 

KAMAN BERLOVE LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR PETITIONER-APPELLANT. 
KIRWAN LAW FIRM, P.C., SYRACUSE (R. ANDREW FEINBERG OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.
MARY HOPE BENEDICT, BATH, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (Alecia J. Mazzo, J.), entered October 10, 2023, in a proceeding pursuant to Family Court Act article 5. The order dismissed the amended petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 5, petitioner appeals from an order that, following a hearing, dismissed his amended paternity petition based on the doctrine of equitable estoppel. We affirm.
In April 2018, respondent mother was in a sexual relationship with Thomas M. (respondent) and also engaged in sexual relations with petitioner. Upon subsequently discovering that she was pregnant, the mother advised petitioner on multiple occasions, both before and after the birth of the subject child, that the child was not his. The mother continued her relationship with respondent, who signed an acknowledgment of paternity upon the child's birth and was listed as the child's father on the child's birth certificate. With the mother, respondent thereafter raised the child, as her father, of which petitioner was aware. Approximately three and one-half years after the child was born, a third party told petitioner of suspicions that petitioner was the child's biological father. Upon petitioner's request, the mother agreed to allow a DNA paternity test and, after the results indicated a strong likelihood that he was the child's biological father, petitioner commenced the instant proceeding. The mother and respondent raised the defense of equitable estoppel.
We reject petitioner's contention that Family Court erred in applying equitable estoppel. Equitable estoppel "preclude[s] a person from asserting a right after having led another to form the reasonable belief that the right would not be asserted, and loss or prejudice to the other would result if the right were asserted" (Matter of Shondel J. v Mark D., 7 NY3d 320, 326 [2006]). "Estoppel may also preclude a man who claims to be a child's biological father from asserting his paternity when he acquiesced in the establishment of a strong parent-child bond between the child and another man" (id. at 327). In determining whether equitable estoppel applies in the context of a paternity proceeding, "the paramount concern . . . has been and continues to be the best interests of the child" (Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 5 [2010] [internal quotation marks omitted]; see also Family Ct Act § 532 [a]). Thus, "the doctrine [may be] used to prevent a biological father from asserting paternity rights when it would be detrimental to the child's interests to disrupt the child's close relationship with another father figure" (Juanita A., 15 NY3d at 6; see Matter of Fidel A. v Sharon N., 71 AD3d 437, 437 [1st [*2]Dept 2010]; Matter of Richard W. v Roberta Y., 240 AD2d 812, 814-815 [3d Dept 1997], lv denied 90 NY2d 809 [1997]).
On appellate review, "we afford great deference to [a] court's determination of [a child]'s best interests, particularly following a hearing," so long as the determination has a "sound and substantial basis in the record" (Matter of J.B. [Lakoia W.—Paul B.], 188 AD3d 1683, 1683 [4th Dept 2020]; see Kaleta v Kaleta, 225 AD3d 1293, 1294 [4th Dept 2024]). Here, the evidence at the hearing established that petitioner was aware of the possibility that he could be the child's father because of his sexual relations with the mother but nonetheless waited nearly four years after the child's birth before commencing this proceeding, during which time a strong, positive father-daughter relationship between the child and respondent developed of which petitioner was also aware. Thus, there is a sound and substantial basis in the record for the court's determination that petitioner acquiesced in the development of that father-daughter bond, and it is in the best interests of the child that he be equitably estopped from now seeking paternity (see Matter of Onorina C.T. v Ricardo R.E., 172 AD3d 726, 730 [2d Dept 2019]; Matter of Richard A.M. v Alejandra H., 123 AD3d 1129, 1129 [2d Dept 2014]; Matter of Ellis v Griffin, 308 AD2d 449, 450 [2d Dept 2003], lv denied 2 NY3d 704 [2004]). Further, "[a]lthough a child has an interest in finding out the identity of [the] biological father, 'in many instances a child also has an interest—no less powerful—in maintaining [the] relationship with the man who led [the child] to believe that he is [the] father' " (Matter of Jennifer L. v Gerald S., 145 AD3d 1581, 1583 [4th Dept 2016], lv dismissed 29 NY3d 942 [2017], quoting Shondel J., 7 NY3d at 329).
Contrary to petitioner's contention, the mother's deception with respect to the child's paternity does not bar application of the doctrine of equitable estoppel. Indeed, the parties' "motivation and honesty are irrelevant" (Shondel J., 7 NY3d at 331) because the determination whether equitable estoppel should be applied "depends entirely on the best interests of the child and not the equities between the adults" (Jennifer L., 145 AD3d at 1582).
We have reviewed petitioner's remaining contention and conclude that, because it was raised for the first time on appeal, it is not properly before us (see Leroy v Leroy, 298 AD2d 923, 924 [4th Dept 2002]; Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court